David Lopez, Esq. (DL-6779)
171 Edge of Woods Rd. | PO Box #323
Southampton NY 11969-0323
631.287.5520 | DavidLopezEsq@aol.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,, <br><br> Plaintiff, <br><br> v. <br><br> SIMPLY, INC., <br><br> Nominal Defendant, <br><br> and <br><br> SOL GLOBAL INVESTMENTS CORP. And VERANO BLOCKER 1 LLC, <br><br> Defendants. | No.  22-CV-1007 <br> (ECF Case) <br><br> **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

**THE PLAINTIFF**, by David Lopez, Esq., her attorney, complaining of the Defendants, respectfully alleges the following upon information and belief except as to Paragraph 3 which Plaintiff alleges on personal knowledge:

### JURISDICTION and VENUE:

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. §78aa.

2. At all relevant times, the common stock of Nominal Defendant, Simply, Inc. ("Simply, Inc." or the "Company") was and is traded under stock symbol SIMP through exchange facilities managed by OTC Markets Group, Inc. and located within this District, conferring venue

1

upon this Court. One or more of the transactions giving rise to liability as further described herein were executed over the OTC Markets Group, Inc. exchange facilities located within this District.

3. The SOL Global Investments Corp. is a non-resident alien entity as to whom venue is proper in any district of the United States. The Plaintiff chooses the Southern District of New York as venue for this action against it.

## THE PARTIES

4. Plaintiff Deborah Donoghue is a shareholder of Simply, Inc., and a resident of Yonkers, New York, within this district.

5. Nominal Defendant Simply, Inc. is a Maryland corporation with principal offices at: 2001 NW 84th Avenue, Miami, Florida 33122. This action is brought in the right and for the benefit of Simply, Inc., which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

6. Defendant SOL Global Investments Corp. is a corporation of Ontario, Canada, with principal offices at: 100 King Street, Suite 5600, Toronto, Canada A6 M5X 1C9. It is a non-resident alien of the United States and the sole shareholer and owner of SOL Verano Blocker 1 LLC.

7. Defendant SOL Verano Blocker 1 LLC is a Delaware limited liability company and a wholly-owned subsidiary of SOL Global Investments Corp. with principal offices at the offices of SOL Global Investments Corp. located as recited at paragraph 6, *supra*.

8. By reason of the parent - wholly-owned subsidiary relationship between SOL Global Investments Corp. and SOL Verano Blocker 1 LLC, the former was at all time relevant – meaning at the times of the short-swing trading alleged herein -- the beneficial owner of any and all shares of Simply, Inc. owned of record by SOL Verano Blocker 1 LLC.

## STATUTORY REQUISITES:

9. At all times relevant (meaning at the time of the short swing trading alleged herein), the common stock of Simply, Inc. was registered under Section 12(b) of the Act.

10. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

11. Demand for prosecution was made on Simply, Inc. on August 25, 2021, with a further demand updating subsequent trading activity made on February 2, 2022 . More than 60 days have expired from the earliest demand without any response. Further delay in the initiation of suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C § 78p(a), setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC")

## BACKGROUND INFORMATION

13, SOL Global Investments Corp., both by its direct ownership of shares of Simply, Inc. and through the ownership by its wholly-owned subsidiary, SOL Verano Blocker 1 LLC of Simply, Inc. shares, was at all time relevant a more-than-10% beneficial owner of the common stock outstanding of Simply, Inc.

14. By reason of the parent-subsidiary relationship between the defendants, their joint management, their shared office space and other factors, the defendants constituted a "group" under Section 13(d) of the Act and admitted to that fact in numerous filings with the Securities & Exchange Commission. Membership in a group collectively owning benefiially more-than-10%

3

of Simply, Inc's common stock rendered each of them, individually, a more-than-10% beneficial owner.

## FIRST CLAIM FOR RELIEF:

15. All that has gone before is realleged as though here set out in full.

**The Sales**

16. On November 2, 2021, SOL Global Investments Corp. sold 224,194 shares of Simply, Inc. common stock for $3.26 per share, more or less.

17. On November 2, 2021, SOL Verano Blocker 1 LLC sold 1,877,412 shares of Simple, Inc. common stock for $3.15 per share, more or less.

18. On March 26, 2021, SOL Verano Blocker 1 LLC sold 95,000 shares of Simply, Inc. common stock for $5.01 per share.

**The Purchases**

19. On November 5, 2021, SOL Global Investments Corp. loaned to Simply, Inc. $500,000, receiving therefor an unsecured convertible note which SOL Global Investments Corp. could convert at any time into 200,000 shares of Simply, Inc. common stock. This was the deemed purchase, as a matter of law, of 200,000 Simply, Inc. common shares.

20. On November 5, 2021, SOL Global Investments Corp., in connection with the loan described at paragraph 19, *supra*, and at no additional cost, purchased a warrant for the purchase of an additional 200,000 shares of Simply, Inc. common stock. This was the deemed purchase, as a matter of law, of 200,000 Simply, Inc. common shares.

21. On October 21, 2021, SOL Global Investments Corp. loaned to Simply, Inc. $750,000 receiving therefor an unsecured convertible note which SOL Global Investments Corp.

could convert at any time into 300,000 shares of Simply, Inc. common stock at no additional cost. This was the deemed purchase, as a matter of law, of 300,000 shares of Simply, Inc. common stock

22. On October 21, 2021, SOL Global Investments Corp., in connection with the loan described at Paragraph 21, *supra,* and at no additional cost, purchased a warrant for the purchase of an additional 300,000 Simply, Inc. common shares. This was the deemed purchase, as a matter of law, of 300,000 shares of Simply, Inc. common stock.

23. Between August 18, and August 24, 2021, SOL Global Investments Corp., through its wholly-owned subsidiary, SOL Verano Blocker 1, LLC, purchased on the open market 36,721 shares of the common stock of Simply, Inc

24. On August 5, 2021, SOL Gobal Investments Corp. loaned to Simply, Inc. $1,000,000 receiving therefor an unsecured convertible note which SOL could convert at any time into 400,000 shares of Simply, Inc. common stock. This was the deemed purchase, as a matter of law, of 400,000 shares of Simply, Inc. common stock.

25. On July 6, 2021, SOL Global Investments Corp. loaned to Simply, Inc. $1,000,000 receiving therefor an unsecured convertible note which SOL Global Investments Corp. could convert at any time into 400,000 shares of Simply, Inc. common stock. This was the deemed purchase, as a matter of law, of 400,000 shares of Simply, Inc. common stock.

26. On July 6, 2021, SOL Global Investments Corp., in connection with the loan described at Paragraph 25, *supra,* and at no additional cost, purchased a warrant for the purchase at any time of 400,000 shares of Simply, Inc. common stock. This was the deemed purchase, as a matter of law, of 400,000 shares of Simply, Inc. common stock.

**Profits**

27. The trades here recited produced a profit. All sales were at prices higher than all purchases within less than six months.

28. The purchases and sales enumerated above may be matched arbitrarily, lowest-price-in, highest-price-out, to arrive at recoverable profits. The precise amounts of such damages are not known precisely to plaintiff but will be determinable through discovery of prices paid, prices received and contemporaneous open market prices which, in some instances, may need to be substituted in the computations for actual prices paid or received. It is sufficient for purposes of this complaint that profits have been alleged and that a sufficient factual basis and computational methodology have been pleaded for their determination.

## SECOND CLAIM FOR RELIEF:

29. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record and/or the discovery of additional trades during the course of this action.

30 During periods not barred by the statute of limitations measured from the date of the filing of this Complaint, Defendants purchased and sold, or sold and purchased, equity securities or equity security equivalents of Simple, Inc. within periods of less than six months while the defendants individually or as member of a group comprised of the Defendants were more-than 10% beneficial owners of Simply, Inc., including but not limited to the transactions pleaded in the First Claim for Relief.

31. Some of the purchases were at prices lower than some of the sales within six months.

32. By reason of such purchases and sales or sales and purchases of Simply, Inc. equity

securities or equity security equivalents within periods of less than six months of one another while insiders of Simply, Inc., the defendants realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of Simply, Inc.

      **WHEREFORE**, Plaintiff demands judgment:

      a)     Requiring each of the Defendants to account for and to pay over to Simply, Inc. the short-swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

      b)     Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants, and expert witness fees; and

      c)     Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
       February 4, 2022

                                                  Yours, etc.

                                                  _____
                                                  David López, Esq. (DL-6779)
                                                  *Attorney for Plaintiff*