**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>                              Plaintiff,<br><br>                    - v. -<br><br>SIMPLY, INC.<br><br>                              Nominal Defendant.<br><br>                    and<br><br>SOL GLOBAL INVESTMENTS CORP., and SOL VERANO BLOCKER 1, LLC,<br><br>                              Defendants. | Civil Action No. 22-cv-1007 (KPF) |

### ANSWER OF DEFENDANTS SOL GLOBAL
### INVESTMENTS CORP. AND SOL VERANO BLOCKER 1, LLC

Defendants SOL Global Investments Corp. and SOL Verano Blocker 1, LLC (collectively, "SOL"), by and through their undersigned counsel, for its Answer to Plaintiff's Complaint (the "Complaint"), dated February 4, 2022, states as follows:

### GENERAL DENIAL

Except as otherwise expressly admitted, SOL denies every allegation of the Complaint.  To the extent that any response is required, SOL denies any allegations or averments in the headings, subheadings, and footnotes, of the Complaint.  Further, SOL denies any and all wrongdoing and/or liability to Plaintiff.  To the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this Answer contains no response to legal contentions other than their general denial.

## SPECIFIC RESPONSES

1.      Paragraph 1 contains only legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 1 is required, SOL denies the allegations therein.

2.      Admit that Nominal Defendant Simply, Inc. trades under the stock symbol SIMP; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.      Admit that SOL Global Investments Corp. is a non-resident entity; otherwise state that Paragraph 3 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 3 is required, SOL denies the allegations therein.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.      Admit as to the first sentence in Paragraph 5; otherwise state that Paragraph 5 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 5 is required, SOL denies the allegations therein.

6.      Admit that SOL Global Investments Corp. is an Ontario, Canada business corporation registered in Toronto, Ontario, with its principal office in Toronto, Ontario and that SOL Verano Blocker 1 is a subsidiary of SOL Global Investments Corp.

7.      Admit that SOL Verano Blocker 1, LLC is a Delaware company, with its office in Toronto, Ontario, and that it is a subsidiary of SOL Global Investments Corp.

8.      Paragraph 8 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 8 is required, SOL denies the allegations therein.

9.      Paragraph 9 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 9 is required, SOL denies the allegations therein.

10.     Paragraph 10 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 10 is required, SOL denies the allegations therein.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 12 is required, SOL denies the allegations therein.

13.     Paragraph 13 contains legal conclusions to which no response is required in this Answer.  To the extent a response to Paragraph 13 is required, SOL denies the allegations therein.

14.     Deny.

15.     SOL repeats and incorporates the admissions and denials of Paragraphs 1 through 14 above as if fully set forth herein.

16.     Refer to any alleged transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 16.

17.     Refer to any alleged transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 17.

18.     Refer to any alleged transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 18.

19.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 19.

20.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 20.

21.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 21.

22.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 22.

23.     Refer to any alleged transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 23.

24.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 24.

25.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 25.

26.     Refer to the transaction documents for a fair, accurate, and complete statement of their contents; and otherwise deny the allegations of Paragraph 26.

27.     Deny, and further state that to the extent Paragraph 27 asserts legal conclusions, no response is required.

28.     Deny, and further state that to the extent Paragraph 28 asserts legal conclusions, no response is required.

29.     Paragraph 29 is a characterization of the Complaint to which no response is required.

30.     Deny, and further state that to the extent Paragraph 30 asserts legal conclusions, no response is required.

31.     Deny, and further state that to the extent Paragraph 31 references the legal conclusions asserted in Paragraph 30, no response is required.

32.     Deny, and further state that to the extent Paragraph 32 asserts legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, SOL does not agree or concede that it bears the burden of proof or burden of persuasion as to any of these issues, whether in whole or in part.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and the allegations thereof fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and the allegations thereof fail to demonstrate that the plaintiff has fulfilled all applicable statutory prerequisites.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and the allegations thereof are uncertain, vague, and ambiguous.

## DEFENSES RESERVED

SOL has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses.  SOL reserves the right to assert additional defenses if discovery indicates this would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, SOL prays for Judgment as follows:

1.      Dismiss plaintiff's Complaint in its entirety with prejudice and order that plaintiff take nothing;

2.      Award SOL its costs incurred in defending this action, including reasonable attorneys' fees; and

3.      Order such other and further relief as the Court may deem proper.

Dated: New York, NY
       May 9, 2022

Respectfully Submitted,

/s/ *Rex Lee*

Alex Spiro
Rex Lee
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7163
Fax: 212-849-7100
alexspiro@quinnemanuel.com
rexlee@quinnemanuel.com

*Counsel for SOL Global Investments Corp.*
*and SOL Verano Blocker 1, LLC*