# JOINT INITIAL PRE-TRIAL CONFERENCE LETTER

June 9, 2022

**Via ECF**
Hon. Katherine Polk Failla, U.S.D.J. (S.D.N.Y.)

  **Re:** *Donoghue v. Simply, Inc.*, et. al., No. 22-CV-1007 (KPF)

Your Honor:

  This joint letter is submitted by the parties in advance of the Initial Pre-Trial Conference currently scheduled for June 16, 2022, at 10:00 AM. The parties have agreed to the attached discovery plan and advise the Court that the IPTC may be cancelled.

**(i) A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion.**

**Plaintiff's position:**

  This is a shareholder suit brought by Plaintiff on behalf of Nominal Defendant Simply, Inc. ("Simply" or the "Company"), to recover short-swing profits realized by Defendants SOL Global Investments Corp. ("SOL Global") and SOL Verano Blocker 1 LLC ("Verano"), under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b).[1]

  Plaintiff alleges that while SOL Global and its wholly-owned subsidiary Verano, were beneficial owners of more than 10% of Simply's outstanding common stock and statutory insiders of Simply, the Defendants purchased and sold Simply securities within a period of less than six months and realized "short swing" profits subject to disgorgement to the Company under §16(b). Plaintiff alleges that SOL Global's acquisitions of convertible notes and warrants to purchase Simply common stock constituted "purchases" of the Simply shares underlying the notes and warrants for purposes of §16(b).

  Plaintiff alleges that SOL Global and Verano sold Simply shares at higher prices within the "short swing" trading window, including by transferring shares to another entity (House of Lithium), in which SOL Global reportedly held a 60% ownership interest. Plaintiff submits that 40% of the shares transferred by the Defendants to House of Lithium are matchable with their purchases of Simply shares within a period of less than six months for purposes of §16(b).

  Plaintiff intends to seek leave to amend the Complaint to include additional purchases and sales of Simply stock reported by the Defendants within six months of the alleged transactions, which were inadvertently omitted from the filed Complaint.

---

[1] No claim is asserted against Nominal Defendant Simply, Inc., but stands to benefit from any judgment awarded on Plaintiff's §16(b) claim. Simply has waived service but failed to answer the Complaint or otherwise appear in this action. Plaintiff reserves the right to seek an order compelling the Company's collection of any judgment that may be awarded in due course.

**Defendants' position:**

Defendants SOL Global Investments Corp. ("SOL Global") and SOL Verano Blocker 1 LLC ("Verano") contest that the transactions set forth in the Complaint give rise to liability under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78p(b).

Plaintiff alleges only three sales in her Complaint. (Compl. ¶¶ 16–18). The first two of the alleged sales are not actionable because, at the time that Defendants engaged in the transactions alleged at paragraphs 16 and 17 (November 2, 2021), SOL Global was a 100% owner of the recipient of the shares—House of Lithium. Given the parent-subsidiary relationship between SOL Global and House of Lithium, Defendants contend that the November 2, 2021 transactions do not qualify as actionable "sales" under 15 U.S.C. §78p(b).

As for the third sale alleged in the Complaint, Defendants assert that Plaintiff may have failed to satisfy all of the statutory prerequisites to bringing suit, including by failing to comply with the Section 16's demand requirement.

Defendants take no position as to the "additional purchases and sales of Simply stock" referenced by Plaintiff in point (i) of this Letter, but reserve their right to oppose any request for leave to amend the Complaint.

**(ii)  A brief explanation of why jurisdiction and venue lie in this Court.**

**Plaintiff's position:**

Subject matter jurisdiction is pleaded at Compl. ¶1, and relies on §27 of the Act, 15 U.S.C §78aa. This action arises directly under a federal statute, §16(b), which provides Plaintiff as a shareholder of Simply (a Maryland corporation), with the right to file suit to recover short swing profits realized by insiders when the Company fails to do so. Venue is pleaded at Compl. ¶¶2-3, because the alleged trading giving rise to liability occurred in this District. (*See* Dkt #1.)

**Defendants' position:**

Defendants do not dispute that subject matter jurisdiction and venue lie in this Court.

**(iii)  A statement of all existing deadlines, due dates, and/or cut-off dates.**

    **Plaintiff's position:**    N/A.

    **Defendants' position:**    N/A

**(iv)  A brief description of any outstanding motions.**

    **Plaintiff's position:**    N/A.

    **Defendants' position:**    N/A.

**(v)  A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

**Plaintiff's position:**

    Defendants have not asserted any substantive defenses to liability under §16(b) and have not asserted that their SEC filings inaccurately reported any of their Simply transactions. Defendants are strictly liable to disgorge their short swing profits, calculated in accordance with the "lowest-in, highest-out" methodology prescribed by the statute and by reference to the market prices for the common stock underlying their note and warrant transactions, pursuant to SEC Rule 16b-6(c)(2), 17 C.F.R. §240.16b-6.

**Defendants' position:**

    No discovery has taken place of yet and Defendants do not foresee the need to engage in discovery to facilitate settlement negotiations at this time.

**(vi)  A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

**Plaintiff's position:**

    In their preliminary discussions, Plaintiff's counsel estimated Defendants' liability at $1.2 million. This estimate is based on closing market prices of Simply common stock on the dates of Defendants' note and warrant transactions, matched against prices reported by the Defendants for their common stock transactions, and includes 40% of the Defendants' transfers to House of Lithium and the additional reported trades that Plaintiff intends to include in a proposed Amended Complaint (as described at Plaintiff's pt. (i), above).

    Given the strict liability imposed under §16(b), Plaintiff maintains that any settlement should provide for disgorgement of a substantial portion of the maximum liability calculated pursuant to Rule 16b-6(c). While any discussion of attorney's fees is premature, Plaintiff also maintains that any settlement should provide for a percentage of Defendants' disgorgement to be paid by or for the benefit of the Company to Plaintiff's counsel as attorney's fees, consistent with the fees typically awarded by courts in §16(b) cases.

    Plaintiff believes that a settlement conference before an assigned Magistrate Judge may be helpful in facilitating a settlement.

**Defendants' position:**

The parties are engaged in productive settlement discussions and Defendants are confident that this case can be resolved through settlement in short order.

Defendants do not believe that a settlement conference before an assigned Magistrate Judge is necessary at this juncture.

**(vii) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

**Plaintiff's position:**      None at this time.

**Defendants' position:**      None at this time.

Jointly Respectfully Submitted,

s/ *Miriam Tauber*
Miriam Tauber
MIRIAM TAUBER LAW PLLC

David Lopez
LAW OFFICES OF DAVID LOPEZ

*Attorneys for Plaintiff*
*Deborah Donoghue*

s/ *Alex Spiro*
Alex Spiro
Rex Lee
QUINN EMMANUEL
 URQUHART & SULLIVAN, LLP

*Attorneys for Defendants*
*SOL Global Investments Corp.*
*and SOL Verano Blocker 1, LLC*