UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Hofmann,<br>Chapter 7 Trustee of<br>the Estate of SIMPLY, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SOL GLOBAL INVESTMENTS CORP.,<br>and SOL VERANO BLOCKER 1 LLC,<br><br>      Defendants. | No. 22-CV-1007 (KPF)<br>(ECF Case) |

## ORDER AND FINAL JUDGMENT

In this action (the "Action") under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), Plaintiff George Hofmann, Chapter 7 Trustee of the Estate of Simply, Inc. ("Plaintiff") alleges that Defendants, SOL Global Investments Corp., and SOL Verano Blocker 1 LLC ("Defendants"), realized so-called "short-swing profits" from their alleged purchases and sales of Simply, Inc. securities (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative securities (as defined in 17 C.F.R. § 240.16a-1(c) under the Act) within periods of less than six months, beginning on March 19, 2021, and ending on July 8, 2022 (the "§16(b) Trading Period").

The Court has considered whether the terms and conditions of the Stipulation of Settlement dated November 21, 2022 (the "Stipulation"), including the Settlement Consideration to be paid by the Defendants in exchange for the releases provided by the Plaintiff, and the portion of the Settlement Consideration to be allocated and paid to Plaintiff's counsel as attorney's fees, are fair, reasonable, and adequate, and should be approved.

- 1 -

The Court has considered all matters submitted to it on this motion, including the Stipulation, and all prior papers and proceedings in this Action.

### NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action, and over the Plaintiff and Defendants.

2. The Stipulation (a copy of which is annexed hereto) is hereby approved as fair, reasonable, and adequate. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3. This Order and Final Judgment shall not constitute evidence of, or an admission by, the Plaintiff or the Defendants, respecting the validity or invalidity of any of the claims or defenses asserted in the Action.

4. The Defendants will be released and discharged as set forth in Paragraph 8 of the Stipulation.  Plaintiff, Simply, Inc., and any successors, agents, or affiliates of Plaintiff or of Simply, Inc., are permanently barred and enjoined from instituting any other action, in this or any other court or tribunal of this or any other jurisdiction, raising Section 16(b) claims which could have been asserted in the Action against Defendants for trading in Simply, Inc. securities.

5. Plaintiff's counsel are hereby awarded attorneys' fees (inclusive of reimbursement of costs and disbursements) in the total sum of $125,000.00 (USD), which sum the Court finds to be fair, reasonable, and adequate, and which shall be allocated and paid to Plaintiffs' counsel from each installment payment of the Settlement Consideration to be paid by the Defendants, as further provided by Paragraphs 1-3 of the Stipulation.

6. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration, and performance of the Stipulation.

7.  The Clerk of the Court is directed to enter and docket this Order and Final Judgment.

Dated: January 19, 2023
New York, New York

**SO ORDERED:**

_Katherine Polk Failla_
**Hon. Katherine Polk Failla,** U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Hofmann,<br>Chapter 7 Trustee of<br>the Estate of SIMPLY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SOL GLOBAL INVESTMENTS CORP.,<br>and SOL VERANO BLOCKER 1 LLC,<br><br>　　　　　Defendants. | No. 22-CV-1007 (KPF)<br>(ECF Case) |

## STIPULATION OF SETTLEMENT

By and through their respective attorneys, the parties to this action (the "Action"): (i) the Plaintiff, GEORGE HOFMANN, CHAPTER 7 TRUSTEE of the ESTATE of SIMPLY, INC. ("Plaintiff"); and (ii) the Defendants, SOL GLOBAL INVESTMENTS CORP., and SOL VERANO BLOCKER 1 LLC (together, "Defendants"), have entered into this Stipulation of Settlement (the "Stipulation" or "Settlement") to fully and finally resolve all claims asserted in the Action, which is pending in the Southern District of New York (the "District Court"). This Stipulation is subject to the approval of the Bankruptcy Court of the District of Utah (Case No. 22-22242) (the "Bankruptcy Court") and will be effective upon the District Court's entry of an Order and Final Judgment approving the Settlement, as further provided herein.

### RECITALS

**WHEREAS,** Deborah Donoghue, a shareholder of Simply, Inc., originally brought the Action on February 4, 2022, pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended, on behalf and for the benefit of Simply, Inc., which was originally named as a Nominal

1

Defendant, to recover so-called "short swing" profits allegedly realized by the Defendants in connection with their putative purchases and sales of Simply, Inc. securities within periods of less than six months [Dkt #1].

**WHEREAS,** the District Court was notified of Simply, Inc.'s filing of a Chapter 7 bankruptcy petition in the Bankruptcy Court on June 28, 2022 [Dkt #19], and the Trustee was substituted as the Plaintiff in the Action (represented by counsel for the prior shareholder Plaintiff), on September 15, 2022 [Dkt #30].

**WHEREAS,** Defendants deny any liability whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on their part with respect to any fault or liability or wrongdoing or damages, or any deficiency in their defenses to liability under Section 16(b).

**WHEREAS,** this Stipulation is intended to resolve all Section 16 claims that were or could have been asserted in the Action based upon any of the Defendants' transactions in Simply, Inc. securities executed (or allegedly executed) at any time through the date of execution of this Stipulation.

**WHEREAS,** Plaintiff, through counsel, has conducted investigations relating to the claims and the underlying events alleged in the Complaint. Plaintiff and Plaintiff's counsel have concluded that they are fully informed in entering into this Stipulation.

**WHEREAS,** the parties have agreed, upon the advice of counsel, that it is in their best interests to voluntarily settle the Action.

**WHEREAS,** the parties and their counsel agree that this Settlement of the Action is fair, reasonable, adequate and in the best interests of all concerned, in view of the continuing

burden, expense, uncertainty, inconvenience, and distraction of protracted litigation, which would reduce any ultimate recovery should Plaintiff prevail in the Action.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

**SETTLEMENT CONSIDERATION (INCLUDING ATTORNEY'S FEES)**

1. In exchange for the Release of Claims as further provided below, Defendants agree to pay a total of $500,000 to Plaintiff (the "Settlement Consideration").

2. The Settlement Consideration will be paid by the Defendants in a total of 10 installment payments, as follows:

   (a) Defendants shall make the first installment payment of $50,000 within 60 days following the District Court's entry of an Order and Final Judgment (as further provided in Paragraphs 6 and 7 of this Stipulation); but in no event earlier than January 1, 2023, and

   (b) Defendants shall make 9 additional installment payments in the amount of $50,000 each, for 9 consecutive months, beginning 30 days after the first installment payment is due under subsection (a) of this Paragraph, with each subsequent installment payment due every 30 days thereafter.

3. Each installment payment made by the Defendants pursuant to the above Paragraph will be paid to George Hofmann, Trustee. Defendants will notify Plaintiff's counsel when each installment payment is sent, and the Trustee will notify Plaintiff's counsel when received. Each installment payment will be allocated, subject to Bankruptcy Court approval, as follows:

   (a) 25% of each installment payment, or $12,500, will be paid to Plaintiff's counsel as attorney's fees; and

3

(b) the remaining 75% of each installment payment, or $37,500, will be allocated to the Estate of Simply, Inc., subject to the discretion of the Bankruptcy Trustee.

4. In the event that any installment payment required is not made by Defendants within 30 days of notice from Plaintiff or Plaintiff's counsel that payment was not received when due, Plaintiff's counsel will file a Consent Judgment, in substantially the form appended as Exhibit B, on the District Court docket.

5. Defendants agree and acknowledge that upon filing the Consent Judgment pursuant to the above Paragraph, Plaintiff and/or Plaintiff's counsel may immediately execute on the full unpaid amount of the Settlement Consideration provided by Paragraph 1 of this Stipulation, i.e., the total Settlement Consideration less any amounts already paid by the Defendants under this Stipulation at the time the Consent Judgment is filed.

## SUBMISSION TO THE BANKRUPTCY COURT AND DISTRICT COURT

6. Within 14 days following execution of this Stipulation, Plaintiff will apply to the Bankruptcy Court for approval of this Settlement as fair, reasonable, adequate, and in the best interests of the Estate.

7. Within 14 days of the Bankruptcy Court's approval of the Settlement, Plaintiff will apply to the District Court for entry of an Order and Final Judgment substantially in the form appended as Exhibit A.

## RELEASE OF CLAIMS

8. Upon execution of this Stipulation, and in exchange for Defendants' payment of the Settlement Consideration in timely installments as described at Paragraph 2, the Estate of Simply, Inc., Plaintiff, and Plaintiff's counsel release and discharge each of the Defendants, and any of

their employees, agents, attorneys, representatives, advisors, affiliates, or associates, trustees, executors, administrators, successors, and assigns, from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, and issues, known or unknown, arising under Section 16(b), which were or could have been asserted in the Action. In the event of Defendants' non-payment of any installment payment required under Paragraph 2, the releases provided by this Paragraph will continue to be effective, and Plaintiff's counsel will file the Consent Judgment appended as Exhibit B as provided by Paragraph 4. The releases provided by this Paragraph do not extend to any obligation expressly provided by this Stipulation.

9. Each of Plaintiff's counsel agrees and acknowledges that the payment of attorney's fees provided by this Stipulation is the sole amount which Plaintiff's counsel are due as compensation for their pursuit of this Action, and each of Plaintiff's attorneys expressly releases and disclaims any right to any additional amount.

## NO ADMISSIONS

10. This Stipulation, and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes final or is consummated, are not and shall not be construed as evidence of, or an admission by, any of the Defendants respecting the validity or invalidity of any claims or defenses asserted in the Action, or of any wrongdoing or lack of wrongdoing by Defendants whatsoever, and shall not be offered or received as evidence of liability or wrongdoing by any of the Defendants in the Action or any other action. Notwithstanding the foregoing, this Stipulation constitutes and may be introduced as evidence of the parties' rights and obligations under this Settlement in connection with an action, proceeding, or claim by any party to enforce the terms of this Stipulation.

## ENTIRE AGREEMENT; AMENDMENTS; COUNTERPARTS

11. This Stipulation contains the entire agreement between the parties concerning the subject matter hereof and no party is relying upon any representation, promise or assertion not contained herein.

12. This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties.

13. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of the Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement; *provided*, that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

## AUTHORITY; BEST EFFORTS TO EFFECTUATE

14. The individuals signing this Stipulation represent that they have the authority to execute this Stipulation and to grant the releases and compromise and settle all claims and defenses subject to the approval of the Bankruptcy Court and the District Court, as provided herein.

15. The Plaintiff represents and warrants that, as of the execution of this Stipulation, the Plaintiff (i) holds all claims being released by this Stipulation, including any claim that were or could have been asserted in the Action; (ii) has the exclusive power and authority (subject to court approval) to settle and release the claims described in subpart (i) of this Paragraph; and (iii) has the power and authority to enter into this Stipulation and deliver the releases set forth herein on behalf of the Plaintiff and of Simply, Inc., subject to Bankruptcy Court approval.

16. The parties shall use their best efforts to execute such documents and shall take such other reasonable actions as are necessary to effectuate this Stipulation.

6

## **DISMISSAL OF ACTION; CONTINUING JURISDICTION OVER SETTLEMENT**

17. The parties submit to the continuing jurisdiction of the District Court for all purposes relating to this Stipulation and its enforcement.

Dated: November 21, 2022

For PLAINTIFF:

*/s/ Miriam Tauber*

Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

David Lopez
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. PO Box #323
Southampton NY 11968
(631) 287-5520
DavidLopezEsq@aol.com

For DEFENDANTS:

*/s/*

Alex Spiro
Rex Lee
QUINN EMANUEL
URQUHART & SULLIVAN LLLP
51 Madison Ave. 22nd Floor
New York NY 10010
(212) 849-7000
RexLee@QuinnEmanuel.com
AlexSpiro@QuinnEmanuel.com

7

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Hofmann,<br>Chapter 7 Trustee of<br>the Estate of SIMPLY, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SOL GLOBAL INVESTMENTS CORP.,<br>and SOL VERANO BLOCKER 1 LLC,<br><br>      Defendants. | No. 22-CV-1007 (KPF)<br>(ECF Case) |

## [PROPOSED] ORDER AND FINAL JUDGMENT

In this action (the "Action") under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), Plaintiff George Hofmann, Chapter 7 Trustee of the Estate of Simply, Inc. ("Plaintiff") alleges that Defendants, SOL Global Investments Corp., and SOL Verano Blocker 1 LLC ("Defendants"), realized so-called "short-swing profits" from their alleged purchases and sales of Simply, Inc. securities (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative securities (as defined in 17 C.F.R. § 240.16a-1(c) under the Act) within periods of less than six months, beginning on March 19, 2021, and ending on July 8, 2022 (the "§16(b) Trading Period").

The Court has considered whether the terms and conditions of the Stipulation of Settlement dated November ___, 2022 (the "Stipulation"), including the Settlement Consideration to be paid by the Defendants in exchange for the releases provided by the Plaintiff, and the portion of the Settlement Consideration to be allocated and paid to Plaintiff's counsel as attorney's fees, are fair, reasonable, and adequate, and should be approved.

**EXHIBIT A**

The Court has considered all matters submitted to it on this motion, including the Stipulation, and all prior papers and proceedings in this Action.

### NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action, and over the Plaintiff and Defendants.

2. The Stipulation (a copy of which is annexed hereto) is hereby approved as fair, reasonable, and adequate. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3. This Order and Final Judgment shall not constitute evidence of, or an admission by, the Plaintiff or the Defendants, respecting the validity or invalidity of any of the claims or defenses asserted in the Action.

4. The Defendants will be released and discharged as set forth in Paragraph 8 of the Stipulation. Plaintiff, Simply, Inc., and any successors, agents, or affiliates of Plaintiff or of Simply, Inc., are permanently barred and enjoined from instituting any other action, in this or any other court or tribunal of this or any other jurisdiction, raising Section 16(b) claims which could have been asserted in the Action against Defendants for trading in Simply, Inc. securities.

5. Plaintiff's counsel are hereby awarded attorneys' fees (inclusive of reimbursement of costs and disbursements) in the total sum of $125,000.00 (USD), which sum the Court finds to be fair, reasonable, and adequate, and which shall be allocated and paid to Plaintiffs' counsel from each installment payment of the Settlement Consideration to be paid by the Defendants, as further provided by Paragraphs 1-3 of the Stipulation.

6. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration, and performance of the Stipulation.

**EXHIBIT A**

7.  The Clerk of the Court is directed to enter and docket this Order and Final Judgment.

Dated: _____

SO ORDERED:

_____
Hon. Katherine Polk Failla, U.S.D.J.

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Hofmann,<br>Chapter 7 Trustee of<br>the Estate of SIMPLY, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SOL GLOBAL INVESTMENTS CORP.,<br>and SOL VERANO BLOCKER 1 LLC,<br><br>      Defendants. | No. 22-CV-1007 (KPF)<br>(ECF Case) |

### [PROPOSED] CONSENT JUDGMENT

Pursuant to the Stipulation of Settlement executed by the parties on [*DATE*] and approved by this Court by entry of the Order and Final Judgment on [*DATE*] (Dkt [*#___*]), the Defendants agreed and were ordered to pay the total Settlement Consideration of $500,000.00 to the Plaintiff as provided in the Stipulation...

The Stipulation provides for the Settlement Consideration to be paid in a total of 10 installment payments in the amount of $50,000.00 each. Each installment payment was due every 30 days beginning on [*DATE*] (*60 days following the Court's entry of the Order and Final Judgment at Dkt [#___]*).

As of the date of this Consent Judgment, Defendants have paid a total of $[____] of the Settlement Consideration, as follows:

| Installment # | Installment Amount | Date Paid |
|---|---|---|
| [1] | [$50,000.00] | |
| | | |
| Total Payment Received: | | |

- 1 -

**EXHIBIT B**

On [*DATE*], Plaintiff provided notice to the Defendants that Installment #[ ] has not been paid. Payment of Installment #[ ] has now been due for more than 30 days following Plaintiff's notice.

Pursuant to the Stipulation, the Court hereby enters final Judgment for the Plaintiff in the amount of [$_____] (Total Settlement Consideration of $500,000, less Total Payment Received of [$_____]), which is immediately due and payable in full by the Defendants.

Dated: _____

                                        **SO ORDERED:**

                                        _____
                                        **Hon. Katherine Polk Failla,** U.S.D.J.