UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Hofmann,<br>Chapter 7 Trustee of<br>the Estate of SIMPLY, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SOL GLOBAL INVESTMENTS CORP.,<br>and SOL VERANO BLOCKER 1 LLC,<br><br>  Defendants. | No. 22-CV-1007<br>(KPF)<br><br>(ECF Case) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
ORDER TO SHOW CAUSE DIRECTING TURNOVER OF ASSETS**

Pursuant to F.R.C.P. 69(a), Plaintiff George Hofmann, as Trustee of the Estate of Simply, Inc., submits this Brief in support of this Motion for an Order to Show Cause and seeks Turnover Order of assets held by the Defendants to satisfy the Consent Judgment ordered by the Court on May 2, 2023, which Defendants have not paid: (1) $25,000 in cash, which was held for the benefit of the Defendants and restrained by Corpay, Inc., and subsequently collected by the U.S. Marshal (*see* USM Receipt, Dkt. 47) and transferred to Plaintiff's counsel. The $25,000 cash is currently held in Plaintiff's counsel's attorney escrow account pending the Court's ruling on this Motion; and (2) unrestricted marketable shares of stock in publicly traded companies (Simply Better Brands, Inc., and Jones Soda Co.) with a total present value of approximately $XXX in accounts maintained by Odyssey Trust Company ("Odyssey") and held in the name of Defendant's corporate aliases or wholly owned U.S. subsidiaries, which has been restrained by Odyssey pending the Court's ruling on this Motion.

## BACKGROUND

This case was originally brought by shareholders of Plaintiff Simply, Inc. ("Simply," or "Plaintiff"), as an action styled as *Deborah Donoghue v. SOL Global Investments Corp.,* and *Verano Blocker 1, LLC* (Defendants*); and Simply, Inc*. (Nominal Defendant), No. 22-CV-1007 (KPF) (S.D.N.Y., Compl. filed Feb. 4, 2022), to recover profits allegedly realized by the Defendants from "short swing" purchases and sales of Simply securities pursuant to Section 16(b) of the Securities Exchange Act, 15 U.S.C. §78p(b) (the "Litigation").

Following Simply's filing for bankruptcy in the District of Utah (*see* No. 22-BR-22242, Bkrptcy. D. Utah, Pet. filed June 14, 2022), George Hofmann, as Chapter 7 Trustee for the Estate of Simply (the "Trustee"), filed a petition to employ the attorneys representing the shareholder Plaintiff as special counsel to represent the Trustee in the Litigation, which the Bankruptcy Court granted on August 24, 2022 (at Bkrptcy. Dkt. 43). The attorneys then moved to substitute the Trustee on behalf of the Estate as plaintiff in the Litigation, which this Court granted on September 15, 2022 (Dkts. 29-30.) On October 6, 2022, Plaintiff filed an Amended Section 16(b) Complaint, which estimated that the Defendants were liable for short swing trading profits of approximately $1 million. (Dkt. 135 ¶39.)

The parties agreed to settle the Litigation pursuant to a Stipulation of Settlement signed on November 21, 2022 (*see* Dkt. 40-1). The Stipulation of Settlement was approved by the Bankruptcy Court on January 6, 2023, and ordered by this Court on January 19, 2023. (*See* Dkt. 44.)

The Stipulation of Settlement provided for the Defendants to pay a total of $500,000 to the Trustee, over the course of 10 installment payments of $50,000 each, with the first installment payment due within 60 days of this Court's entry of the Order and Final Judgment, or

by March 20, 2023. The Stipulation further provided for the filing of a Consent Judgment in the amount of any unpaid balance of the $500,000 Settlement owed by the Defendants if any installment payment was not made when due, and if non-payment not cured within 30 days of notice by Plaintiff.

Defendants did not pay the first installment payment when due and did not cure their non-payment within 30 days of Plaintiff's notice. Plaintiff applied to the Court for Entry of the Consent Judgment for the full amount of the $500,000 Settlement payment owed by the Defendants under the Stipulation, which the Court entered on May 2, 2023. (*See* Dkt. 46).

Plaintiff obtained a Writ of Execution to enforce the Consent Judgment on June 5, 2023, and sent out Restraining Notices and Information Subpoenas to banks, brokerages, and other institutions that Plaintiff is informed may be in possession of assets or information about assets belonging to the Defendants. (*See* accompanying Affirmation of Miriam Tauber in Support of Plaintiff's Motion, or "Tauber Aff.")

Plaintiff has now collected or restrained assets belonging to the Defendants, which, taken together, may be of sufficient value to satisfy the outstanding Consent Judgment in the amount of $500,000, consisting of:

1. **$25,000 in cash**, which was restrained by **Corpay, Inc.,** and subsequently collected by the U.S. Marshal and delivered to Plaintiff's counsel. Plaintiff's counsel is currently holding this cash in an attorney escrow account pending the Court's issuance of the requested Turnover Order. (Tauber Aff. ¶11).

2. **Shares of stock** held in the following accounts maintained by **Odyssey Trust Company** and owned by Defendants and/or their owned and controlled subsidiaries or corporate aliases (Tauber Aff. ¶18):

3

A. **Odyssey Accounts Owned Directly by Defendants**

| Owner<br>(Account #) | Account Balance<br>Issuer, Type/Number of Shares) | Restrictions<br>(Notes) | Value<br>(Price/share) |
|---|---|---|---|
| **SOL Global Investments Corp.**<br>(18604-1) | House of Lithium Ltd.<br>6,488,479 Class A Common | Restricted<br>*(HOUSE-NI-08NOV21)* | |
| **SOL Global Investments Corp.**<br>(20626-1) | House of Lithium Ltd.<br>6,494,569 Class B shares | Restricted<br>*(HOUSE-NI-08NOV21)* | |
| **SOL Verano Blocker 1, LLC**<br>(14784-1113) | Simply Better Brands Corp. (SBBC)<br>Common Stock, 65,660 DRS | Restricted *(21888 SBBC-LOCKUP-17AUG23)* | $11,819<br>($0.18/share) |
| **SOL Verano Blocker 1, LLC**<br>(20626-2) | House Of Lithium Ltd.<br>34,264,207 Class B shares | Restricted<br>*(HOUSE-1933)* | |

B. **Odyssey Accounts Owned by Defendants' or Corporate Aliases**

| Owner<br>(Account #) | Account Balance<br>Issuer, Type/Number of Shares | Restrictions<br>(Notes) | Value<br>(Price/share) |
|---|---|---|---|
| **Namaste Gorgie Inc.**<br>(1884-11) | Bluewater Acquisition Corp.<br>Common Stock, 20,000 DRS<br>---<br>Bluma Wellness Inc.<br>Unex'd Com 1:0.0, 252,000 DRS | Not Restricted | $600<br>($0.03/share)<br>--- |
| **Namaste Gorgie Inc.**<br>(3006-6746) | Cresco Labs Inc.<br>Sub Voting Shares, 21,646 shares<br>*(to be received upon exchange of Bluma Wellness shares)* | Not yet Issued | $372,325<br>($1.72/share) |
| **Heavenly Rx Ltd.**<br>(14784-155) | Simply Better Brands Corp. (SBBC)<br>Common Stock, 282,512 DRS | Not Restricted | $50,852<br>($0.18/share) |
| **Heavenly Rx Ltd.**<br>(20409-1155) | Simply Better Brands Corp. (SBBC)<br>Common Stock, 590,401 DRS | Not Restricted | $106,272<br>($0.18/share) |

**Namaste Georgie Inc.,** a Florida entity, was identified by Quinn as having paid $50,000 of Defendants' legal bills in connection with this Litigation. Namaste Gorgie Inc. is registered to the same Florida address as **Heavenly Rx, LLC**, another Florida subsidiary and corporate alias of SOL Global. (*See* Tauber Aff. ¶¶19-23.)

## ARGUMENT

I. **Enforcement Procedure**

Under Federal Rule of Civil Procedure 69(a)(1), which governs motions to enforce a federal money judgment, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Article 52 of the C.P.L.R. details various provisions for enforcing money judgments under New York law.

Pursuant to these procedures, Plaintiff has collected cash and restrained assets described in this Motion. Plaintiff now seeks an order directing a turnover of these assets to the Plaintiff to satisfy the outstanding Consent Judgment entered by the Court against the Defendants.

N.Y. C.P.L.R. 5225(b) permits a judgment creditor to commence a "special proceeding" against a third person who is "in possession or custody of money or other personal property in which the judgment debtor has an interest." Because there is no provision for such a special proceeding under the Federal Rules of Civil Procedure, "a party seeking a money judgment against a non- party garnishee may proceed by motion" under Rule 69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc., 8*79 F.3d 462, 469–70 (2d Cir. 2018).

II. **Assets Subject to Turnover**

A. **Cash Surrendered by Corpay to the U.S. Marshal (Held in Escrow)**

Corpay was identified to Plaintiff's counsel as the source of payments to Defendant's counsel in connection with this action. In response to Plaintiff's information subpoena and restraining notice, Corpay identified approximately $25,000 in cash held for Defendant SOL Global and restrained pending satisfaction of the Consent Judgment.

5

The Court has personal jurisdiction over Corpay, which maintains an office within the District at which Corpay was served with the Writ of Execution by the U.S. Marshal. Following service by the Marshal, Corpay delivered the $25,000 cash to the Marshal, which in turn delivered these funds to Plaintiff's counsel. Plaintiff's counsel is currently holding the funds in an attorney escrow/IOLA account pending the Court's order on this Motion. (Tauber Aff. ¶11.)

B. **Stock in Accounts Restrained by Odyssey Trust Co.**

Odyssey Trust Company restrained the accounts owned by the Defendants and their known affiliates or corporate aliases as described in the tables above. Odyssey Trust is a Canadian company, which maintains U.S. offices in Minnesota. Odyssey provides transfer agent services to companies and clients across the United Stated, including within this District. Odyssey has not objected to jurisdiction of this Court in restraining the accounts that are the subject of this Motion. Odyssey will be served with a copy of this Motion and will have the opportunity to raise any objection to the requested turnover at or in advance of the hearing to be held if Plaintiff's Motion for an Order to Show Cause is granted.

The accounts restrained by Odyssey include Account # 14784-1113, owned by Defendant SOL Verano Blocker 1, LLC, in which there is a balance of an 65,660 restricted DRS shares of Simply Better Brands Corp. (SBBC) common stock valued at approximately $11,819. (Tauber Aff. ¶18.) Plaintiff seeks an order directing Odyssey to turnover these restrained shares to Plaintiff in partial satisfaction of the Consent Judgment, to the extent these shares can be transferred and sold notwithstanding the "lockup" restrictions indicated by Odyssey.

The $25,000 cash restrained and received from Corpay, plus the approximately $11,819 in restricted SBBC shares held in the Odyssey account owned by Defendant SOL Verano Blocker 1, LLC, will potentially satisfy approximately $36,819 of the outstanding $500,000

Consent Judgment owed to Plaintiff (not including post-judgment interest). The only other assets held in Odyssey accounts directly owned by the Defendants are shares of House of Lithium Ltd. Class A and Class B stock, which Defendants have described in their filings on SEDAR (the Canadian regulatory filing system equivalent of the SEC's EDGAR) as "illiquid."

There are no marketable and unrestricted shares of stock remaining in Odyssey accounts owned directly by the Defendants ***because Defendants willfully transferred all marketable and unrestricted shares out of their Odyssey accounts to avoid Plaintiff's efforts to enforce the Consent Judgment.*** (Tauber Aff. ¶24).

On **July 4, 2023**—the day after Plaintiff sent a Restraining Notice With Information Subpoena by email and certified mail to Verano Holdings asking for the identity of Odyssey (i.e., as the transfer agent with custody or information about Defendants' ownership interest in Verano Holdings)—Defendants transferred SBBC shares worth over $2.5 million out of the Odyssey accounts held directly in their names. On **July 10, 2023**—the next business day after Plaintiff sent a Restraining Notice and Information Subpoena by email and certified mail to Odyssey, which specifically inquired about Defendants' interests in Heavenly Rx and Jones Soda—Defendants caused Heavenly Rx to transfer additional Simply Better Brands (SBBC) and Jones Soda Co. (JSDA) stock worth over $1 million from Odyssey accounts held in the name of Heavenly Rx. (Tauber Aff. ¶¶25-26).

Before Odyssey's Response to Plaintiff's Restraining Notice/Information Subpoena was sent to Plaintiff, which revealed Defendants' account balances and post-Consent Judgment transfers, SOL Global CEO Paul Kania telephoned Plaintiff's counsel to ask Plaintiff to defer collection of the Consent Judgment in deference to "Canadian law"—without regard for the Court's Order and without providing any assurance of eventual payment. (Tauber Aff. ¶¶14-16).

Under the circumstances, Plaintiff respectfully submits that the Consent Judgment should be satisfied with the marketable, unrestricted shares of SBBC and Jones Soda (JSDA) stock in Odyssey accounts held in the name of Defendants' subsidiaries or corporate aliases, Namaste Gorgie and Heavenly Rx.

As Judge Koeltl recently held, a foreign judgment debtor's interest in a wholly owned U.S. subsidiary may be subject to a turnover order issued by this Court to satisfy an outstanding judgment entered by this Court, pursuant to enforcement procedures proscribed by New York law—regardless of where the subsidiary is incorporated or located. *See 245 Park Member LLC v. HNA Grp. Internatl. Co. Ltd.*, No. 22-CV-5136 (JGK), 2023 WL 3587702, at **8-9 (S.D.N.Y. May 19, 2023).

In *245 Park*, the plaintiff sought a turnover of assets enforce a judgment entered by the Court in their favor of the amount a confirmed arbitration award. The defendant/judgment debtor was an international company, which wholly owned a Delaware LLC through which interests were held in real property in the United States. Judge Koeltl issued an order directing turnover of the defendant's 100% membership interests in the Delaware LLC directly to the plaintiff, noting the defendants' efforts to avoid paying the judgment. *Id*. at *9.

The Turnover Order sought by this Plaintiff and Judgment Debtor is warranted for similar reasons. Defendant SOL Global is a Canadian company with ownership of and control over a web of U.S. subsidiaries. The assets of those subsidiaries may be applied to satisfy the Court-ordered Consent Judgment that Defendants have willfully refused to pay.

In contrast to *245 Park*, where the judgment debtor's wholly owned subsidiary "held an interest" in real property of indeterminate value, the Defendants' U.S. subsidiaries are direct owners of liquid, marketable stocks that have been restrained by a transfer agent within the

8

Court's jurisdiction. The turnover of marketable stock directly owned by the Defendants' subsidiaries, as Plaintiff requests, will likely obviate the need for turnover of the Defendants' ownership interests in the subsidiaries themselves, as Judge Koeltl ordered in *245 Park*. In the alternative, or in addition (to the extent the marketable securities held in the subsidiary Odyssey accounts are insufficient to satisfy the outstanding Consent Judgment), Plaintiff requests entry of an order similar to the order issued in *245 Park*, directing turnover of Defendants' interests in the U.S. subsidiaries described in this Motion and accompanying Affirmation.

For example, **Blue Sky Holdings USA Inc**. is described in Defendants' public filings as "a wholly owned Florida subsidiary of SOL Global which indirectly holds an approximate 45% interest in SOL Global' s real property investment in North Miami." The assets of Blue Sky are currently pledged to secure SOL Global's ongoing severance payment obligations to former CEO Andrew DeFrancesco, who is currently facing an SEC enforcement action arising from his manipulative trading of Plaintiff's stock. (Tauber Aff. ¶29.)

Plaintiff previously sent a Restraining Notice With Information Subpoena by email and certified mail to Blue Sky; and to **SOL Wynwood Holdings, LLC**, a Miami real estate joint venture between SOL Global (through Blule Sky), and **LivWrk, a Brooklyn-based company led by Asher Abehsera.** In connection with this Motion, Plaintiff has attempted to serve updated Restraining Notices/Information Subpoenas on both Blue Sky and LivWrk, along with a deposition notice seeking testimony from Asher Abehsera. (Tauber Aff. ¶¶30-31).

F.R.C.P. 69(a)(2) permits a Judgment Creditor to obtain discovery from any person, including the Judgment Debtor, to identify assets upon which execution may be made. "The purpose of discovery under Rule 69(a)(2) is to allow the Judgment Creditor to identify assets from which the judgment may be satisfied and consequently, the Judgment Creditor should be permitted

to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." Moore's Federal Practice §69.04 (2008). Rule 69(a) "has been interpreted to permit judgment creditors wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07-CV-3219 (PKC), 2012 WL 1933558, at *3 (S.D.N.Y. May 22, 2012) (quoting *Gibbons v. Smith*, No. 01-CV-1224 (LAP), 2010 WL 582354, at *6 (S.D.N.Y. Feb. 11, 2010)); *see also Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977) ("Rule 69(a) quite clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures").

In the event the Court declines to issue the turnover order sought by this Motion, or if assets turned over are insufficient to satisfy the amount of the outstanding Consent Judgment, Plaintiff respectfully asks the Court to compel Blue Sky Holdings USA Inc. and LivWrk to respond to Plaintiff's outstanding Restraining Notices and Information Subpoenas, and to compel Asher Abehsera's deposition testimony.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Order to Show Cause should be granted.

Dated: New York, NY
October 9, 2023

Respectfully submitted,

*/s/ David Lopez*
David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, PO Box #323
Southampton NY 11968
(631) 287-5520
DavidLopezEsq@aol.com

*/s/ Miriam Tauber*
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. #2A
New York NY 10075
(323) 790-4881
MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff/Judgment Creditor*