**FILED**
ALAMEDA COUNTY

MAY 0 1 2020

CLERK OF THE SUPERIOR COURT
By _Koble Clark_
Deputy

1  Charles W. Poss (SBN 325366)
   Environmental Research Center, Inc.
2  3111 Camino Del Rio North, Suite 400
   San Diego, CA 92108
3  Ph: (619) 500-3090
4  Email: charles.poss@erc501c3.org

5  Attorney for Plaintiff Environmental Research Center, Inc.

6  John W. Baumann (SBN 288881)
7  Quinn, Emanuel, Urquhart & Sullivan LLP
   865 S Figueroa St
8  Los Angeles, CA 90017
   Ph: (213) 443-3000
9  Email: jackbaumann@quinnemanuel.com

10 Attorney for Defendants TRU Brands, Inc., individually and dba TRUWOMEN, Truwomen,
   Inc., individually and dba TRUWOMEN, Heavenly Rx, Ltd., individually and dba
11 TRUWOMEN, Heavenly Rx, LLC, individually and dba TRUWOMEN, Heavenly Rx Ltd
12 Corp, individually and dba TRUWOMEN, SOL Global Investments Corp., individually and
   dba Heavenly Rx, Ltd., Heavenly Rx, LLC, Heavenly Rx Ltd Corp and TRUWOMEN

13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                        **COUNTY OF ALAMEDA**

16 | **ENVIRONMENTAL RESEARCH** | **CASE NO. RG19043513** |
17 | **CENTER, INC., a California non-profit** | |
   | **corporation** | **STIPULATED CONSENT** |
18 | | **JUDGMENT** |
19 | **Plaintiff,** | |
   | vs. | Health & Safety Code § 25249.5 *et seq.* |
20 | **TRU BRANDS, INC., individually and dba** | Action Filed: November 15, 2019 |
21 | **TRUWOMEN; TRUWOMEN, INC.,** | Trial Date:  None set |
   | **individually and dba TRUWOMEN;** | |
22 | **HEAVENLY RX, LTD., individually and** | |
23 | **dba TRUWOMEN; HEAVENLY RX, LLC,** | |
   | **individually and dba TRUWOMEN;** | |
24 | **HEAVENLY RX LTD CORP, individually** | |
   | **and dba TRUWOMEN; SOL GLOBAL** | |
25 | **INVESTMENTS CORP., individually and** | |
26 | **dba HEAVENLY RX, LTD., HEAVENLY** | |
   | **RX, LLC, HEAVENLY RX LTD CORP** | |
27 | **and TRUWOMEN; and DOES 1-100** | |
28 | **Defendants.** | |

1.   **INTRODUCTION**

1.1     On November 15, 2019, Plaintiff Environmental Research Center, Inc. ("ERC"), a non-profit corporation, as a private enforcer and in the public interest, initiated this action by filing a Complaint for Injunctive and Declaratory Relief and Civil Penalties (the "Complaint") pursuant to the provisions of California Health and Safety Code section 25249.5 *et seq.* ("Proposition 65"), against TRU Brands, Inc., individually and dba TRUWOMEN; Truwomen, Inc., individually and dba TRUWOMEN; Heavenly Rx, Ltd., individually and dba TRUWOMEN; Heavenly Rx, LLC, individually and dba TRUWOMEN; Heavenly Rx Ltd Corp, individually and dba TRUWOMEN; SOL Global Investments Corp., individually and dba Heavenly Rx, Ltd., Heavenly Rx, LLC, Heavenly Rx Ltd Corp and TRUWOMEN (collectively "Defendants") and Does 1-100. In this action, ERC alleges that a number of products manufactured, distributed, or sold by Defendants contain lead, a chemical listed under Proposition 65 as a carcinogen and reproductive toxin, and expose consumers to this chemical at a level requiring a Proposition 65 warning. These products (referred to hereinafter individually as a "Covered Product" or collectively as "Covered Products") are: (1) TruWomen Red Velvet Ready Plant Fueled Protein Bar, (2) TruWomen Zamn Good Zesty Lemon Yea It's A Protein Bar, (3) Tru Women Va-Va-Voom Vanilla Plant Fueled Protein Powder, (4) Tru Women You're Mocha Me Cocoa Plant Fueled Protein Powder, and (5) Tru Women Oh Oh Cookie Dough Plant Fueled Protein Bar.

1.2     TRU Brands, Inc.; Truwomen, Inc.; Heavenly Rx, Ltd.; Heavenly Rx, LLC; and Heavenly Rx Ltd Corp. are referred to collectively herein as "TRUWOMEN." ERC and TRUWOMEN are hereinafter referred to individually as a "Party" or collectively as the "Parties."

1.3     ERC is a 501 (c)(3) California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by reducing the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

1.4     For purposes of this Consent Judgment, the Parties agree that each Defendant is a

1  business entity each of which has employed ten or more persons at all times relevant to this

2  action, and qualifies as a "person in the course of doing business" within the meaning of

3  Proposition 65. TRUWOMEN manufactures, distributes, and/or sells the Covered Products.

4      **1.5**    The Complaint is based on allegations contained in ERC's Notice of Violation

5  dated August 23, 2019 that was served on the California Attorney General, other public

6  enforcers, and Defendants ("Notice"). A true and correct copy of the 60-Day Notice dated

7  August 23, 2019 is attached hereto as **Exhibit A** and incorporated herein by reference. More

8  than 60 days have passed since the Notice was served on the Attorney General, public

9  enforcers, and Defendants and no designated governmental entity has filed a Complaint against

10  Defendants with regard to the Covered Products or the alleged violations.

11      **1.6**    ERC's Notice and Complaint allege that use of the Covered Products exposes

12  persons in California to lead without first providing clear and reasonable warnings in violation

13  of California Health and Safety Code section 25249.6. Defendants deny all material allegations

14  contained in the Notice and Complaint.

15      **1.7**    The Parties have entered into this Consent Judgment in order to settle,

16  compromise, and resolve disputed claims and thus avoid prolonged and costly litigation.

17  Nothing in this Consent Judgment nor compliance with this Consent Judgment shall constitute

18  or be construed as an admission by any of the Parties or by any of their respective officers,

19  directors, shareholders, investors, employees, agents, parent companies, subsidiaries, divisions,

20  franchisees, licensees, customers, suppliers, distributors, wholesalers, or retailers of any fact,

21  issue of law, or violation of law.  Further, nothing in this Consent Judgment shall constitute or

22  be construed as an admission by Defendants regarding the corporate structures and/or

23  relationships that ERC has used to identify Defendants in the Notice and Complaint.

24      **1.8**    Except as expressly set forth herein, nothing in this Consent Judgment shall

25  prejudice, waive, or impair any right, remedy, argument, or defense that ERC or Defendants

26  may have in any current or future legal proceeding unrelated to these proceedings.

27      **1.9**    The Effective Date of this Consent Judgment is the date on which it is entered

28  as a Judgment by this Court.

## 2.  JURISDICTION AND VENUE

For purposes of this Consent Judgment and any further court action that may become necessary to enforce this Consent Judgment, the Parties stipulate that this Court has subject matter jurisdiction over the allegations of violations contained in the Complaint, personal jurisdiction over Defendants as to the acts alleged in the Complaint, that venue is proper in Alameda County, and that this Court has jurisdiction to enter this Consent Judgment as a full and final resolution of all claims up through and including the Effective Date which were or could have been asserted in this action based on the facts alleged in the Notice and Complaint.

## 3.  INJUNCTIVE RELIEF, REFORMULATION, TESTING AND WARNINGS

3.1  Beginning on the Effective Date, TRUWOMEN shall be permanently enjoined from manufacturing for sale in the State of California, "Distributing into the State of California," or directly selling in the State of California, any Covered Products which expose a person to a "Daily Lead Exposure Level" of more than 0.5 micrograms of lead per day unless it meets the warning requirements under Section 3.2. So long as TRUWOMEN can document the date of manufacture, Covered Products manufactured prior to the Effective Date are not subject to Section 3 of this Consent Judgment.

3.1.1  As used in this Consent Judgment, the term "Distributing into the State of California" shall mean to directly ship a Covered Product into California for sale in California or to sell a Covered Product to a distributor that TRUWOMEN knows or has reason to know will sell the Covered Product in California.

3.1.2  For purposes of this Consent Judgment, the "Daily Lead Exposure Level" shall be measured in micrograms, and shall be calculated using the following formula: micrograms of lead per gram of product, multiplied by grams of product per serving of the product (using the largest serving size appearing on the product label), multiplied by servings of the product per day (using the largest number of recommended daily servings appearing on the label), which equals micrograms of lead exposure per day. If the label contains no recommended daily servings, then the number of recommended daily servings shall be one.

3.2  **Clear and Reasonable Warnings**

If TRUWOMEN is required to provide a warning pursuant to Section 3.1, the following warning must be utilized ("Warning"):

> **WARNING:** Consuming this product can expose you to chemicals including [lead] which is [are] known to the State of California to cause [cancer and] birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov/food.

TRUWOMEN shall use the phrase "cancer and" in the Warning if TRUWOMEN has reason to believe that the the "Daily Lead Exposure Level" is greater than 15 micrograms of lead as determined pursuant to the quality control methodology set forth in Section 3.4 or if TRUWOMEN has reason to believe that another Proposition 65 chemical is present which may require a cancer warning.

The Warning shall be securely affixed to or printed upon the container or label of each Covered Product. If the Warning is provided on the label, it must be set off from other surrounding information and enclosed in a box. In addition, for any Covered Product sold over the internet, the Warning (or a clearly marked hyperlink to the Warning where the text of the hyperlink is the bolded and capitalized word "**WARNING**" and the hyperlink goes directly to a page prominently displaying the Warning without content that detracts from the Warning.) shall appear on the checkout page when a California delivery address is indicated for any purchase of any Covered Product or at any other point prior to completing the purchase of a Covered Product so long as the Warning is prominently displayed such that the purchaser does not have to search for it in the general content of the website. If the Warning is provided on the checkout page, an asterisk or other identifying method must be utilized to identify which products on the checkout page are subject to the Warning.

The Warning shall be at least the same size as the largest of any other health or safety warnings also appearing on the website or on the label or container of TRUWOMEN's product packaging and the word "**WARNING**" shall be in all capital letters and in bold print. No statements intended to or likely to have the effect of diminishing the impact of the Warning on the average lay person shall accompany the Warning. Further, no statements may accompany the Warning that state or imply that the source of the listed chemical has an impact on or results in a less harmful effect of the listed chemical.

1    TRUWOMEN must display the above Warning with such conspicuousness, as compared

2    with other words, statements or designs on the label or container, or on its website, if applicable,

3    to render the Warning likely to be read and understood by an ordinary individual under customary

4    conditions of purchase or use of the product.

5        In the event that Proposition 65 is repealed or preempted as to food products, then

6    TRUWOMEN shall have no futher obligation pursuant to this Consent Judgment with respect

7    to, and to the extent that the Covered Products are so affected.

8    **3.3    Conforming Covered Products**

9        A Conforming Covered Product is a Covered Product for which the "Daily Lead Exposure

10    Level" is no greater than 0.5 micrograms of lead per day as determined by the quality control

11    methodology described in Section 3.4.

12    **3.4    Testing and Quality Control Methodology**

13        **3.4.1**   If, after the Effective Date, TRUWOMEN does not continuously and

14    without interruption provide a Warning for a Covered Product consistent with Section 3.2, then

15    beginning within one year of the Effective Date, or as soon as TRUWOMEN ceases providing

16    the Warning if such cessation occurs more than one year after the Effective Date,

17    TRUWOMEN shall arrange for lead testing of the Covered Product at least once a year for a

18    minimum of four consecutive years by arranging for testing of five randomly selected samples

19    of the Covered Product, in the form intended for sale to the end-user, which TRUWOMEN

20    intends to sell or is manufacturing for sale in California, directly selling to a consumer in

21    California or "Distributing into the State of California." If tests conducted pursuant to this

22    Section demonstrate that no Warning is required for a Covered Product, then the Warning label

23    requirement set forth in section 3.2 shall not apply to that Covered Product.  If tests conducted

24    pursuant to this Section demonstrate that no Warning is required for a Covered Product during

25    each of four consecutive years, then the testing requirements of this Section will no longer be

26    required as to that Covered Product.

27        **3.4.2**   For purposes of measuring the "Daily Lead Exposure Level," the

28    average lead detection result of the five (5) randomly selected samples of the Covered Products

1  will be controlling.

2       **3.4.3**   All testing pursuant to this Consent Judgment shall be performed using a

3  laboratory method that complies with the performance and quality control factors appropriate

4  for the method used, including limit of detection, qualification, accuracy, and precision that

5  meets the following criteria: Inductively Coupled Plasma-Mass Spectrometry ("ICP-MS")

6  achieving a limit of quantification of less than or equal to 0.010 mg/kg.

7       **3.4.4**   All testing pursuant to this Consent Judgment shall be performed by an

8  independent third party laboratory certified by the California Environmental Laboratory

9  Accreditation Program or an independent third-party laboratory that is registered with the

10  United States Food & Drug Administration.

11       **3.4.5**   Nothing in this Consent Judgment shall limit TRUWOMEN's ability to

12  conduct, or require that others conduct, additional testing of the Covered Products, including

13  the raw materials used in their manufacture.

14       **3.4.6**   Within thirty (30) days of ERC's written request, TRUWOMEN shall

15  deliver lab reports obtained pursuant to Section 3.4 to ERC. TRUWOMEN shall retain all test

16  results and documentation for a period of three years from the date of each test.

17  **4.     SETTLEMENT PAYMENT**

18       **4.1**   In full satisfaction of all potential civil penalties, additional settlement

19  payments, attorney's fees, and costs, TRUWOMEN, on behalf of Defendants, shall make a

20  total payment of $70,000 ("Total Settlement Amount") to ERC in three periodic payments (the

21  "Periodic Payments") according to the following payment schedule:

22       • Payment 1 -- $23,333.34 within 5 days of the Effective Date ("Due Date");

23       • Payment 2 -- $23,333.33 within 35 days of the Effective Date ("Due Date");

24       • Payment 3 -- $23,333.33 within 65 days of the Effective Date ("Due Date");

25  TRUWOMEN shall make these payments by wire transfer to ERC's account, for which

26  ERC will give TRUWOMEN the necessary account information. The Total Settlement Amount

27  shall be apportioned as follows:

28       **4.2**   $36,250.00 shall be considered a civil penalty pursuant to California Health and

Safety Code section 25249.7(b)(1). ERC shall remit 75% ($27,187.50) of the civil penalty to the Office of Environmental Health Hazard Assessment ("OEHHA") for deposit in the Safe Drinking Water and Toxic Enforcement Fund in accordance with California Health and Safety Code section 25249.12(c). ERC will retain the remaining 25% ($9,062.50) of the civil penalty.

      **4.3**    $1,533.75 shall be distributed to ERC as reimbursement to ERC for reasonable costs incurred in bringing this action.

      **4.4**    $26,856.50 shall be distributed to ERC as an Additional Settlement Payment ("ASP"), pursuant to California Code of Regulations, title 11, sections 3203, subdivision (d) and 3204. ERC will utilize the ASP for activities that address the same public harm as allegedly caused by Defendants in this matter. These activities are detailed below and support ERC's overarching goal of reducing and/or eliminating hazardous and toxic chemicals in dietary supplement products in California. ERC's activities have had, and will continue to have, a direct and primary effect within the State of California because California consumers will be benefitted by the reduction and/or elimination of exposure to lead in dietary supplements and/or by providing clear and reasonable warnings to California consumers prior to ingestion of the products.

      Based on a review of past years' actual budgets, ERC is providing the following list of activities ERC engages in to protect California consumers through Proposition 65 citizen enforcement, along with a breakdown of how ASP funds will be utilized to facilitate those activities: (1) ENFORCEMENT (65-80%): obtaining, shipping, analyzing, and testing dietary supplement products that may contain lead and are sold to California consumers. This work includes continued monitoring and enforcement of past consent judgments and settlements to ensure companies are in compliance with their obligations thereunder, with a specific focus on those judgments and settlements concerning lead. This work also includes investigation of new companies that ERC does not obtain any recovery through settlement or judgment; (2) VOLUNTARY COMPLIANCE PROGRAM (10-20%): maintaining ERC's Voluntary Compliance Program by acquiring products from companies, developing and maintaining a case file, testing products from these companies, providing the test results and supporting

1    documentation to the companies, and offering guidance in warning or implementing a self-

2    testing program for lead in dietary supplement products; and (3) "GOT LEAD" PROGRAM

3    (up to 5%): maintaining ERC's "Got Lead?" Program which reduces the numbers of

4    contaminated products that reach California consumers by providing access to free testing for

5    lead in dietary supplement products (Products submitted to the program are screened for

6    ingredients which are suspected to be contaminated, and then may be purchased by ERC,

7    catalogued, sent to a qualified laboratory for testing, and the results shared with the consumer

8    that submitted the product).

9         ERC shall be fully accountable in that it will maintain adequate records to document

10   and will be able to demonstrate how the ASP funds will be spent and can assure that the funds

11   are being spent only for the proper, designated purposes described in this Consent Judgment.

12   ERC shall provide the Attorney General, within thirty days of any request, copies of

13   documentation demonstrating how such funds have been spent.

14        **4.5**    $5,359.75 shall be distributed to ERC for its in-house legal fees. Except as

15   explicitly provided herein, ERC and Defendants shall bear their own fees and costs.

16        **4.5**    In the event that TRUWOMEN fails to remit the Periodic Payments owed under

17   Section 4.1 of this Consent Judgment on or before the applicable Due Date, TRUWOMEN

18   shall be deemed to be in material breach of its obligations under this Consent Judgment. ERC

19   shall provide written notice of the delinquency to TRUWOMEN via electronic mail.  If

20   TRUWOMEN fails to deliver the Total Settlement Amount within five (5) days from the

21   written notice, the Total Settlement Amount, less any amounts previously paid pursuant to

22   Section 4.1, shall be immediately due and owing and shall accrue interest at the statutory

23   judgment interest rate provided in the California Code of Civil Procedure section 685.010.

24   Additionally, TRUWOMEN agrees to pay ERC's reasonable attorney's fees and costs for any

25   efforts to collect the payment due under this Consent Judgment.

26   **5.    MODIFICATION OF CONSENT JUDGMENT**

27        **5.1**    This Consent Judgment may be modified only as to injunctive terms (i) by

28   written stipulation of the Parties and upon entry by the Court of a modified consent judgment

1   or (ii) by motion of either Party pursuant to Section 5.3 or 5.4 and upon entry by the Court of a

2   modified consent judgment.

3       **5.2**    If TRUWOMEN seeks to modify this Consent Judgment under Section 5.1, then

4   TRUWOMEN must provide written notice to ERC of its intent ("Notice of Intent"). If ERC

5   seeks to meet and confer regarding the proposed modification in the Notice of Intent, then ERC

6   must provide written notice to TRUWOMEN within thirty (30) days of receiving the Notice of

7   Intent. If ERC notifies TRUWOMEN in a timely manner of ERC's intent to meet and confer,

8   then the Parties shall meet and confer in good faith as required in this Section. The Parties

9   shall meet in person or via telephone within thirty (30) days of ERC's notification of its intent

10   to meet and confer. Within thirty (30) days of such meeting, if ERC disputes the proposed

11   modification, ERC shall provide to TRUWOMEN a written basis for its position. The Parties

12   shall continue to meet and confer for an additional thirty (30) days in an effort to resolve any

13   remaining disputes. Should it become necessary, the Parties may agree in writing to different

14   deadlines for the meet-and-confer period.

15       **5.3**    In the event that TRUWOMEN initiates or otherwise requests a modification

16   under Section 5.1, and the meet and confer process leads to a joint motion or application for a

17   modification of the Consent Judgment, TRUWOMEN shall reimburse ERC its costs and

18   reasonable attorney's fees for the time spent in the meet-and-confer process and filing and

19   arguing the motion or application.

20       **5.4**    Where the meet-and-confer process does not lead to a joint motion or

21   application in support of a modification of the Consent Judgment, then either Party may seek

22   judicial relief on its own. In any such contested court proceeding, ERC may seek costs and any

23   attorney's fees incurred in opposing the motion pursuant to California Code of Civil Procedure

24   section 1021.5.

25   **6.**     **RETENTION OF JURISDICTION, ENFORCEMENT OF CONSENT**
                 **JUDGMENT**

26

27       **6.1**    This Court shall retain jurisdiction of this matter to enforce, modify, or

28   terminate this Consent Judgment.

6.2     If ERC alleges that any Covered Product fails to qualify as a Conforming Covered Product (for which ERC alleges that no Warning has been provided), then ERC shall inform TRUWOMEN in a reasonably prompt manner of its test results, including information sufficient to permit TRUWOMEN to identify the Covered Products at issue. TRUWOMEN shall, within thirty (30) days following such notice, provide ERC with testing information, from an independent third-party laboratory meeting the requirements of Sections 3.4.3 and 3.4.4, demonstrating TRUWOMEN's compliance with the Consent Judgment. The Parties shall first attempt to resolve the matter prior to ERC taking any further legal action.

## 7.     APPLICATION OF CONSENT JUDGMENT

This Consent Judgment may apply to, be binding upon, and benefit the Parties and their respective officers, directors, shareholders, investors, employees, agents, parent companies, subsidiaries, divisions, franchisees, licensees, customers (excluding private labelers), distributors, wholesalers, retailers, predecessors, successors, and assigns. This Consent Judgment shall have no application to any Covered Product which is distributed or sold exclusively outside the State of California and which is not used by California consumers.

## 8.     BINDING EFFECT, CLAIMS COVERED AND RELEASED

8.1     This Consent Judgment is a full, final, and binding resolution between ERC, on behalf of itself and in the public interest, and TRUWOMEN and its respective officers, directors, shareholders, investors (including, but not limited to, defendant SOL Global Investments Corp.), employees, agents, parent companies, subsidiaries, divisions, suppliers, franchisees, licensees, customers (not including private label customers of TRUWOMEN), distributors, wholesalers, retailers, and all other upstream and downstream entities in the distribution chain of any Covered Product, and the predecessors, successors, and assigns of any of them (collectively, "Released Parties"). ERC, on behalf of itself and in the public interest, hereby fully releases and discharges the Released Parties from any and all claims, actions, causes of action, suits, demands, liabilities, damages, penalties, fees, costs, and expenses asserted, or that could have been asserted from the handling, use, or consumption of the Covered Products, as to any alleged violation of Proposition 65 or its implementing regulations

1 arising from the failure to provide Proposition 65 warnings on the Covered Products up to and
2 including the Effective Date.

3      **8.2**       ERC on its own behalf only, and TRUWOMEN on its own behalf and on
4 behalf of defendant SOL Global Investments Corp. only, further waive and release any and all
5 claims they may have against each other for all actions or statements made or undertaken in the
6 course of seeking or opposing enforcement of Proposition 65 in connection with the Notice and
7 Complaint up through and including the Effective Date, provided, however, that nothing in
8 Section 8 shall affect or limit any Party's right to seek to enforce the terms of this Consent
9 Judgment.

10      **8.3**       It is possible that other claims not known to the Parties, arising out of the facts
11 alleged in the Notice and Complaint, and relating to the Covered Products, will develop or be
12 discovered. ERC on behalf of itself only, and TRUWOMEN on behalf of itself and defendant
13 SOL Global Investments Corp. only, acknowledge that this Consent Judgment is expressly
14 intended to cover and include all such claims up through and including the Effective Date,
15 including all rights of action therefore. ERC and TRUWOMEN acknowledge that the claims
16 released in Sections 8.1 and 8.2 above may include unknown claims, and nevertheless waive
17 California Civil Code section 1542 as to any such unknown claims. California Civil Code
18 section 1542 reads as follows:

19       A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
      CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
20       EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE
      AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
21       AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED
22       PARTY.

23 ERC on behalf of itself only, and TRUWOMEN on behalf of itself and defendant SOL Global
24 Investments Corp. only, acknowledge and understand the significance and consequences of
25 this specific waiver of California Civil Code section 1542.

26      **8.4**       Compliance with the terms of this Consent Judgment shall be deemed to
27 constitute compliance with Proposition 65 by any releasee regarding alleged exposures to lead
28 in the Covered Products as set forth in the Notice and Complaint.

1    **8.5**    Nothing in this Consent Judgment is intended to apply to any occupational or

2  environmental exposures arising under Proposition 65, nor shall it apply to any of

3  TRUWOMEN's products other than the Covered Products.

4  **9.**    **SEVERABILITY OF UNENFORCEABLE PROVISIONS**

5       In the event that any of the provisions of this Consent Judgment are held by a court to be

6  unenforceable, the validity of the remaining enforceable provisions shall not be adversely

7  affected.

8  **10.**    **GOVERNING LAW**

9       The terms and conditions of this Consent Judgment shall be governed by and construed in

10  accordance with the laws of the State of California.

11  **11.**    **PROVISION OF NOTICE**

12       All notices required to be given to either Party to this Consent Judgment by the other shall

13  be in writing and sent to the following agents listed below via first-class mail or via electronic

14  mail where required. Courtesy copies via email may also be sent.

15  **FOR ENVIRONMENTAL RESEARCH CENTER, INC.:**

16  Chris Heptinstall, Executive Director, Environmental Research Center
17  3111 Camino Del Rio North, Suite 400
    San Diego, CA 92108
18  Ph: (619) 500-3090
    Email: chris.heptinstall@erc501c3.org
19

20  With a copy to:
    Charles W. Poss
21  Environmental Research Center, Inc.
22  3111 Camino Del Rio North, Suite 400
    San Diego, CA 92108
23  Ph: (619) 500-3090
    Email: charles.poss@erc501c3.org
24

25  **FOR TRU BRANDS, INC., individually and dba TRUWOMEN; TRUWOMEN, INC.,**
    **individually and dba TRUWOMEN; HEAVENLY RX, LTD., individually and dba**
26  **TRUWOMEN; HEAVENLY RX, LLC, individually and dba TRUWOMEN; HEAVENLY**
    **RX LTD CORP, individually and dba TRUWOMEN; SOL GLOBAL INVESTMENTS**
27  **CORP., individually and dba HEAVENLY RX, LTD., HEAVENLY RX, LLC,**
28  **HEAVENLY RX LTD CORP and TRUWOMEN:**

1  David Eddy, Esq.
   Heavenly Rx., Ltd.
2  100 King Street W., Ste. 5600
   Toronto, ON M5X 1C9
3  (954) 417-4175
4  deddy@CobbEddy.com

5  With a copy to:
6  John W. Baumann
   Quinn, Emanuel, Urquhart & Sullivan LLP
7  865 S Figueroa St
   Los Angeles, CA 90017
8  Ph: (213) 443-3000
9  Email: jackbaumann@quinnemanuel.com

10
11  **12.   COURT APPROVAL**

12      **12.1**   Upon execution of this Consent Judgment by the Parties, ERC shall notice a

13  Motion for Court Approval. The Parties shall use their best efforts to support entry of this

14  Consent Judgment.

15      **12.2**   If the California Attorney General objects to any term in this Consent Judgment,

16  the Parties shall use their best efforts to resolve the concern in a timely manner, and if possible

17  prior to the hearing on the motion.

18      **12.3**   If this Stipulated Consent Judgment is not approved by the Court, it shall be

19  void and have no force or effect.

20  **13.   EXECUTION AND COUNTERPARTS**

21      This Consent Judgment may be executed in counterparts, which taken together shall be

22  deemed to constitute one document. A facsimile or .pdf signature shall be construed to be as valid

23  as the original signature.

24  **14.   DRAFTING**

25      The terms of this Consent Judgment have been reviewed by the respective counsel for

26  each Party prior to its signing, and each Party has had an opportunity to fully discuss the terms

27  and conditions with legal counsel.  The Parties agree that, in any subsequent interpretation and

28  construction of this Consent Judgment, no inference, assumption, or presumption shall be drawn,

   and no provision of this Consent Judgment shall be construed against any Party, based on the fact

---

09456-00001/11260526.1                     Page 14 of 18

1  that one of the Parties and/or one of the Parties' legal counsel prepared and/or drafted all or any

2  portion of the Consent Judgment. It is conclusively presumed that all of the Parties participated

3  equally in the preparation and drafting of this Consent Judgment.

4  **15.   GOOD FAITH ATTEMPT TO RESOLVE DISPUTES**

5  If a dispute arises with respect to either Party's compliance with the terms of this Consent

6  Judgment entered by the Court, the Parties shall meet and confer in person, by telephone, and/or

7  in writing and endeavor to resolve the dispute in an amicable manner.  No action or motion may

8  be filed in the absence of such a good faith attempt to resolve the dispute beforehand.

9  **16.   ENFORCEMENT**

10  Either Party may, by motion or order to show cause before the Superior Court of

11  Alameda County, enforce the terms and conditions contained in this Consent Judgment.  In any

12  action brought by a Party to enforce this Consent Judgment, the Party seeking enforcement

13  may seek whatever fines, costs, penalties, or remedies as are provided by law for failure to

14  comply with the Consent Judgment. To the extent the failure to comply with the Consent

15  Judgment constitutes a violation of Proposition 65 or other laws, ERC shall not be limited to

16  enforcement of this Consent Judgment, but may seek in another action whatever fines, costs,

17  penalties, or remedies as are provided by law for failure to comply with Proposition 65 or other

18  laws.

19  **17.   ENTIRE AGREEMENT, AUTHORIZATION**

20  **17.1**   This Consent Judgment contains the sole and entire agreement and

21  understanding of the Parties with respect to the entire subject matter herein, and any and all

22  prior discussions, negotiations, commitments, and understandings related hereto. No

23  representations, oral or otherwise, express or implied, other than those contained herein have

24  been made by any Party. No other agreements, oral or otherwise, unless specifically referred to

25  herein, shall be deemed to exist or to bind any Party.

26  **17.2**   Each signatory to this Consent Judgment certifies that he or she is fully

27  authorized by the Party he or she represents to stipulate to this Consent Judgment.

28  **18.   REQUEST FOR FINDINGS, APPROVAL OF SETTLEMENT AND ENTRY OF CONSENT JUDGMENT**

1    This Consent Judgment has come before the Court upon the request of the Parties.  The

2    Parties request the Court to fully review this Consent Judgment and, being fully informed

3    regarding the matters which are the subject of this action, to:

4        (1)    Find that the terms and provisions of this Consent Judgment represent a fair and

5    equitable settlement of all matters raised by the allegations of the Complaint that the matter has

6    been diligently prosecuted, and that the public interest is served by such settlement; and

7        (2)    Make the findings pursuant to California Health and Safety Code section

8    25249.7(f)(4), approve the Settlement, and approve this Consent Judgment.

9    **IT IS SO STIPULATED:**

10   Dated: _____/ / / 0 /_____, 2020          ENVIRONMENTAL RESEARCH
                                               CENTER, INC.
11
12                                             By: _____
13                                             Chris Heptinstall, Executive Director

14   Dated 01/09/20 _____, 2020            TRU BRANDS, INC., individually and dba
                                               TRUWOMEN
15
16
17                                             By: Brad Pyatt
18                                             Its: CEO

19   Dated: _01/09/20_____, 2020           TRUWOMEN, INC., individually and dba
                                               TRUWOMEN
20
21
22
23                                             By: Stephanie Pyatt
                                               Its: President
24

25

26

27

28

1

2   Dated: __1/10__, 2020

3

4

5

6

7   Dated: __1/10__, 2020

8

9

10

11

12   Dated: __1/10__, 2020

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEAVENLY RX, LTD., individually and dba TRUWOMEN

By: PAUL NORMAN
Its: CEO

HEAVENLY RX, LLC, individually and dba TRUWOMEN

By: PAUL NORMAN
Its: CEO

HEAVENLY RX LTD CORP, individually and dba TRUWOMEN

By: PAUL NORMAN
Its: CEO

1

**APPROVED AS TO FORM:**

2

3  Dated: ___January 10___, 2020

4                                                    ENVIRONMENTAL RESEARCH
                                                    CENTER, INC.

5                                                    By:_____

6                                                         Charles W. Poss
                                                         In-House Counsel

7

8  Dated: ___January 10___, 2020                    QUINN EMANUEL URQUHART &
                                                    SULLIVAN, LLP

9                                                    By:_____

10                                                        John W. Baumann
                                                         Attorney for TRU Brands, Inc.,
11                                                       individually and dba TRUWOMEN,
                                                         Truwomen, Inc., individually and dba
12                                                       TRUWOMEN, Heavenly Rx, Ltd.,
                                                         individually and dba TRUWOMEN,
13                                                       Heavenly Rx, LLC, individually and dba
                                                         TRUWOMEN, Heavenly Rx Ltd Corp,
14                                                       individually and dba TRUWOMEN, SOL
                                                         Global Investments Corp., individually
15                                                       and dba Heavenly Rx, Ltd., Heavenly Rx,
                                                         LLC, Heavenly Rx Ltd Corp and
16                                                       TRUWOMEN
17
18

19                      **ORDER AND JUDGMENT**

20        Based upon the Parties' Stipulation, and good cause appearing, this Consent Judgment is

21  approved and Judgment is hereby entered according to its terms.

22  IT IS SO ORDERED, ADJUDGED AND DECREED.

23

24  Dated: ___5-1___, 2020

25                                                    _____
                                                         Judge of the Superior Court

26                                                    **Stephen Pulido**

27

28

# EXHIBIT A



**Environmental Research Center**
3111 Camino Del Rio North, Suite 400
San Diego, CA 92108
619-500-3090

August 23, 2019

## NOTICE OF VIOLATIONS OF
## CALIFORNIA HEALTH & SAFETY CODE SECTION 25249.5 *ET SEQ.*
## (PROPOSITION 65)

Dear Alleged Violators and the Appropriate Public Enforcement Agencies:

I am the Executive Director of Environmental Research Center, Inc. ("ERC"). ERC is a California non-profit corporation dedicated to, among other causes, helping safeguard the public from health hazards by bringing about a reduction in the use and misuse of hazardous and toxic chemicals, facilitating a safe environment for consumers and employees, and encouraging corporate responsibility.

ERC has identified violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65"), which is codified at California Health & Safety Code §25249.5 *et seq.*, with respect to the products identified below. These violations have occurred and continue to occur because the alleged Violators identified below failed to provide required clear and reasonable warnings with these products. This letter serves as a notice of these violations to the alleged Violators and the appropriate public enforcement agencies. Pursuant to Section 25249.7(d) of the statute, ERC intends to file a private enforcement action in the public interest 60 days after effective service of this notice unless the public enforcement agencies have commenced and are diligently prosecuting an action to rectify these violations.

**General Information about Proposition 65.** A copy of a summary of Proposition 65, prepared by the Office of Environmental Health Hazard Assessment, is attached with the copy of this letter served to the alleged Violators identified below.

**Alleged Violators.** The names of the companies covered by this notice that violated Proposition 65 (hereinafter the "Violators") are:

**TRU Brands, Inc., individually and dba TRUWOMEN**
**Truwomen, Inc., individually and dba TRUWOMEN**
**Heavenly Rx, Ltd., individually and dba TRUWOMEN**
**Heavenly Rx, LLC, individually and dba TRUWOMEN**
**Heavenly Rx Ltd Corp, individually and dba TRUWOMEN**
**SOL Global Investments Corp., individually and dba Heavenly Rx, Ltd., Heavenly Rx, LLC, Heavenly Rx Ltd Corp and TRUWOMEN**

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 2

**Consumer Products and Listed Chemical.** The products that are the subject of this notice and the chemical in those products identified as exceeding allowable levels are:

1. **TruWomen Red Velvet Ready Plant Fueled Protein Bar - Lead**
2. **TruWomen Zamn Good Zesty Lemon Yea It's A Protein Bar - Lead**
3. **Tru Women Va-Va-Voom Vanilla Plant Fueled Protein Powder - Lead**
4. **Tru Women You're Mocha Me Cocoa Plant Fueled Protein Powder - Lead**
5. **Tru Women Oh Oh Cookie Dough Plant Fueled Protein Bar – Lead**

On February 27, 1987, the State of California officially listed lead as a chemical known to cause developmental toxicity, and male and female reproductive toxicity. On October 1, 1992, the State of California officially listed lead and lead compounds as chemicals known to cause cancer.

It should be noted that ERC may continue to investigate other products that may reveal further violations and result in subsequent notices of violations.

**Route of Exposure.** The consumer exposures that are the subject of this notice result from the recommended use of these products. Consequently, the route of exposure to this chemical has been and continues to be through ingestion.

**Approximate Time Period of Violations.** Ongoing violations have occurred every day since at least August 23, 2016, as well as every day since the products were introduced into the California marketplace, and will continue every day until clear and reasonable warnings are provided to product purchasers and users or until this known toxic chemical is either removed from or reduced to allowable levels in the products. Proposition 65 requires that a clear and reasonable warning be provided prior to exposure to the identified chemical. The method of warning should be a warning that appears on the product label. The Violators violated Proposition 65 because they failed to provide persons ingesting these products with appropriate warnings that they are being exposed to this chemical.

Consistent with the public interest goals of Proposition 65 and a desire to have these ongoing violations of California law quickly rectified, ERC is interested in seeking a constructive resolution of this matter that includes an enforceable written agreement by the Violators to: (1) reformulate the identified products so as to eliminate further exposures to the identified chemical, or provide appropriate warnings on the labels of these products; (2) pay an appropriate civil penalty; and (3) provide clear and reasonable warnings compliant with Proposition 65 to all persons located in California who purchased the above products in the last three years. Such a resolution will prevent further unwarned consumer exposures to the identified chemical, as well as an expensive and time-consuming litigation.

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 3

       Please direct all questions concerning this notice to ERC at the above listed address and telephone number.

                            Sincerely,

                            Chris Heptinstall
                            Executive Director
                 Environmental Research Center

Attachments
       Certificate of Merit
       Certificate of Service
       OEHHA Summary (to TRU Brands, Inc., individually and dba TRUWOMEN, Truwomen, Inc., individually and dba TRUWOMEN, Heavenly Rx, Ltd., individually and dba TRUWOMEN, Heavenly Rx, LLC, individually and dba TRUWOMEN, Heavenly Rx Ltd Corp, individually and dba TRUWOMEN, SOL Global Investments Corp., individually and dba Heavenly Rx, Ltd., Heavenly Rx, LLC, Heavenly Rx Ltd Corp, and TRUWOMEN and their Registered Agents for Service of Process only)
      Additional Supporting Information for Certificate of Merit (to AG only)

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 4

## CERTIFICATE OF MERIT

**Re:**   **Environmental Research Center, Inc.'s Notice of Proposition 65 Violations by TRU Brands, Inc., individually and dba TRUWOMEN, Truwomen, Inc., individually and dba TRUWOMEN, Heavenly Rx, Ltd., individually and dba TRUWOMEN, Heavenly Rx, LLC, individually and dba TRUWOMEN, Heavenly Rx Ltd Corp, individually and dba TRUWOMEN, SOL Global Investments Corp., individually and dba Heavenly Rx, Ltd. Heavenly Rx, LLC, Heavenly Rx Ltd Corp, and TRUWOMEN**

I, Chris Heptinstall, declare:

1. This Certificate of Merit accompanies the attached 60-day notice in which it is alleged the parties identified in the notice violated California Health & Safety Code Section 25249.6 by failing to provide clear and reasonable warnings.

2. I am the Executive Director for the noticing party.

3. I have consulted with one or more persons with relevant and appropriate experience or expertise who have reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the notice.

4. Based on the information obtained through those consultants, and on other information in my possession, I believe there is a reasonable and meritorious case for the private action.  I understand that "reasonable and meritorious case for the private action" means that the information provides a credible basis that all elements of the plaintiff's case can be established and that the information did not prove that the alleged Violators will be able to establish any of the affirmative defenses set forth in the statute.

5. Along with the copy of this Certificate of Merit served on the Attorney General is attached additional factual information sufficient to establish the basis for this certificate, including the information identified in California Health & Safety Code §25249.7(h)(2), i.e., (1) the identity of the persons consulted with and relied on by the certifier, and (2) the facts, studies, or other data reviewed by those persons.

Dated: August 23, 2019

_____
Chris Heptinstall

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 5

## CERTIFICATE OF SERVICE PURSUANT TO 27 CCR § 25903

I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am a citizen of the United States and over the age of 18 years of age.  My business address is 306 Joy Street, Fort Oglethorpe, Georgia 30742.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Fort Oglethorpe, Georgia.

On August 23, 2019, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATIONS OF CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; "THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986 (PROPOSITION 65): A SUMMARY"** on the following parties by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties listed below and depositing it in a U.S. Postal Service Office with the postage fully prepaid for delivery by Certified Mail:

Current President or CEO
TRU Brands, Inc., individually and dba TRUWOMEN
14143 Denver West Pkwy, Ste 100
Lakewood, CO 80401

Current President or CEO
Truwomen, Inc., individually and dba TRUWOMEN
14143 Denver West Pkwy, Ste 100
Lakewood, CO 80401

Current President or CEO
Truwomen, Inc., individually and dba TRUWOMEN
2420 17th St.
Denver, CO 80202

Current President or CEO
TRU Brands, Inc., individually and dba TRUWOMEN
2420 17th St.
Denver, CO 80202

Current President or CEO
Heavenly Rx, Ltd., individually and dba TRUWOMEN
100 King St W Ste 5600
Toronto, ON M5X 1C9
Canada

Current President or CEO
Heavenly Rx Ltd Corp, individually and dba TRUWOMEN
100 King St W Ste 5600
Toronto, ON M5X 1C9
Canada

Current President or CEO
Heavenly Rx, LLC, individually and dba TRUWOMEN
100 King St W Ste 5600
Toronto, ON M5X 1C9
Canada

Secretary of State
(Registered Agent for TRU Brands, Inc. individually
and dba TRUWOMEN)
202 N Carson St
Carson City, NV 89701

InCorp Services, Inc.
(Registered Agent for TRU Brands, Inc. individually
and dba TRUWOMEN)
828 Lane Allen Rd, Ste 219
Lexington, KY 40504

National Registered Agents, Inc.
(Registered Agent for TRU Brands, Inc. individually
and dba TRUWOMEN)
7700 E Arapahoe Rd, Ste 220
Centennial, CO 80112

InCorp Services, Inc.
(Registered Agent for TRU Brands, Inc. individually
and dba TRUWOMEN)
5716 Corsa Ave, Ste 110
Westlake Village, CA 91362

The Corporation Trust Company
(Registered Agent for TRU Brands, Inc. individually
and dba TRUWOMEN)
Corporation Trust Center
1209 N. Orange St.
Wilmington, DE 19801

Current President or CEO
SOL Global Investments Corp., individually and dba
Heavenly Rx, Ltd. Heavenly Rx, LLC, Heavenly Rx
Ltd Corp and TRUWOMEN
100 King St W Ste 5600
Toronto, ON M5X 1C9
Canada

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 6

SOL Global Investments Corp., individually and dba Heavenly
Rx, Ltd. Heavenly Rx, LLC, Heavenly Rx Ltd Corp
and TRUWOMEN
366 Bay St, Ste 301
Toronto, ON M5H 4B2
Canada

SOL Global Investments Corp., individually and dba Heavenly
Rx, Ltd. Heavenly Rx, LLC, Heavenly Rx Ltd Corp
and TRUWOMEN
2300 E. Las Olas Blvd. 5th Floor
Fort Lauderdale, FL 33301

Alicia McMurray
(Registered Agent for Heavenly Rx Ltd Corp, individually
and dba TRUWOMEN)
105 Legacy View Way
Knoxville, TN 37918

Current President or CEO
Heavenly Rx, LLC, individually and dba TRUWOMEN
1112 North Flagler Drive
Fort Lauderdale, FL 33304

Larry M. Goldberg
(Registered Agent for Heavenly Rx, LLC, individually and dba
TRUWOMEN)
1112 North Flagler Drive
Fort Lauderdale, FL 33304

Current President or CEO
SOL Global Investments Corp., individually and dba
Heavenly Rx, Ltd. Heavenly Rx, LLC, Heavenly Rx
Ltd Corp and TRUWOMEN
1112 N Flagler Dr
Fort Lauderdale, FL 33304

Alicia McMurray
(Registered Agent for SOL Global Investments Corp.,
individually and dba Heavenly Rx, Ltd. Heavenly Rx,
LLC, Heavenly Rx Ltd Corp and TRUWOMEN)
105 Legacy View Way
Knoxville, TN 37918

On August 23, 2019, between 8:00 a.m. and 5:00 p.m. Eastern Time, I verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT; ADDITIONAL SUPPORTING INFORMATION FOR CERTIFICATE OF MERIT AS REQUIRED BY CALIFORNIA HEALTH & SAFETY CODE §25249.7(d)(1)** were served on the following party when a true and correct copy thereof was uploaded on the California Attorney General's website, which can be accessed at https://oag.ca.gov/prop65/add-60-day-notice :

Office of the California Attorney General
Prop 65 Enforcement Reporting
1515 Clay Street, Suite 2000
Post Office Box 70550
Oakland, CA 94612-0550

On August 23, 2019, between 8:00 a.m. and 5:00 p.m. Eastern Time, verified the following documents **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** were served on the following parties when a true and correct copy thereof was sent via electronic mail to each of the parties listed below:

Nancy O'Malley, District Attorney
Alameda County
7677 Oakport Street, Suite 650
Oakland, CA 94621
CEPDProp65@acgov.org

Barbara Yook, District Attorney
Calaveras County
891 Mountain Ranch Road
San Andreas, CA 95249
Prop65Env@co.calaveras.ca.us

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 7

Stacey Grassini, Deputy District Attorney
Contra Costa County
900 Ward Street
Martinez, CA 94553
sgrassini@contracostada.org

Thomas L. Hardy, District Attorney
Inyo County
168 North Edwards Street
Independence, CA 93526
inyoda@inyocounty.us

Michelle Latimer, Program Coordinator
Lassen County
220 S. Lassen Street
Susanville, CA 96130
mlatimer@co.lassen.ca.us

Dije Ndreu, Deputy District Attorney
Monterey County
1200 Aguajito Road
Monterey, CA 93940
Prop65DA@co.monterey.ca.us

Allison Haley, District Attorney
Napa County
1127 First Street, Suite C
Napa, CA 94559
CEPD@countyofnapa.org

Paul E. Zellerbach, District Attorney
Riverside County
3072 Orange Street
Riverside, CA 92501
Prop65@rivcoda.org

Anne Marie Schubert, District Attorney
Sacramento County
901 G Street
Sacramento, CA 95814
Prop65@sacda.org

Mark Ankcorn, Deputy City Attorney
San Diego City Attorney
1200 Third Avenue
San Diego, CA 92101
CityAttyProp65@sandiego.gov

Gregory Alker, Assistant District Attorney
San Francisco County
732 Brannan Street
San Francisco, CA 94103
gregory.alker@sfgov.org

Valerie Lopez, Deputy City Attorney
San Francisco City Attorney
1390 Market Street, 7th Floor
San Francisco, CA 94102
Valerie.Lopez@sfcityatty.org

Tori Verber Salazar, District Attorney
San Joaquin County
222 E. Weber Avenue, Room 202
Stockton, CA 95202
DAConsumer.Environmental@sjcda.org

Eric J. Dobroth, Deputy District Attorney
San Luis Obispo County
County Government Center Annex, 4th Floor
San Luis Obispo, CA 93408
edobroth@co.slo.ca.us

Christopher Dalbey, Deputy District Attorney
Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101
DAProp65@co.santa-barbara.ca.us

Bud Porter, Supervising Deputy District Attorney
Santa Clara County
70 W Hedding St
San Jose, CA 95110
EPU@da.sccgov.org

Jeffrey S. Rosell, District Attorney
Santa Cruz County
701 Ocean Street
Santa Cruz, CA 95060
Prop65DA@santacruzcounty.us

Stephan R. Passalacqua, District Attorney
Sonoma County
600 Administration Dr
Sonoma, CA 95403
jbarnes@sonoma-county.org

Phillip J. Cline, District Attorney
Tulare County
221 S Mooney Blvd
Visalia, CA 95370
Prop65@co.tulare.ca.us

Gregory D. Totten, District Attorney
Ventura County
800 S Victoria Ave
Ventura, CA 93009
daspecialops@ventura.org

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 8

Jeff W. Reisig, District Attorney
Yolo County
301 Second Street
Woodland, CA  95695
cfepd@yolocounty.org

     On August 23, 2019, between 8:00 a.m. and 5:00 p.m. Eastern Time, I served the following documents: **NOTICE OF VIOLATIONS, CALIFORNIA HEALTH & SAFETY CODE §25249.5 *ET SEQ.*; CERTIFICATE OF MERIT** on each of the parties on the Service List attached hereto by placing a true and correct copy thereof in a sealed envelope, addressed to each of the parties on the Service List attached hereto, and depositing it with the U.S. Postal Service with the postage fully prepaid for delivery by First Class Mail.

     Executed on August 23, 2019, in Fort Oglethorpe, Georgia.

                     Phyllis Dunwoody

Notice of Violations of California Health & Safety Code §25249.5 *et seq.*
August 23, 2019
Page 9

## Service List

District Attorney, Alpine
County
P.O. Box 248
Markleeville, CA 96120

District Attorney, Amador
County
708 Court Street, Suite 202
Jackson, CA 95642

District Attorney, Butte
County
25 County Center Drive, Suite
245
Oroville, CA 95965

District Attorney, Colusa
County
346 Fifth Street Suite 101
Colusa, CA 95932

District Attorney, Del Norte
County
450 H Street, Room 171
Crescent City, CA 95531

District Attorney, El Dorado
County
778 Pacific St.
Placerville, CA 95667

District Attorney, Fresno
County
2220 Tulare Street, Suite 1000
Fresno, CA 93721

District Attorney, Glenn
County
Post Office Box 430
Willows, CA 95988

District Attorney, Humboldt
County
825 5th Street 4th Floor
Eureka, CA 95501

District Attorney, Imperial
County
940 West Main Street, Ste 102
El Centro, CA 92243

District Attorney, Kern County
1215 Truxtun Avenue
Bakersfield, CA 93301

District Attorney, Kings
County
1400 West Lacey Boulevard
Hanford, CA 93230

District Attorney, Lake County
255 N. Forbes Street
Lakeport, CA 95453

District Attorney, Los Angeles
County
Hall of Justice
211 West Temple St., Ste 1200
Los Angeles, CA 90012

District Attorney, Madera
County
209 West Yosemite Avenue
Madera, CA 93637

District Attorney, Marin
County
3501 Civic Center Drive,
Room 130
San Rafael, CA 94903

District Attorney, Mariposa
County
Post Office Box 730
Mariposa, CA 95338

District Attorney, Mendocino
County
Post Office Box 1000
Ukiah, CA 95482

District Attorney, Merced
County
550 W. Main Street
Merced, CA 95340

District Attorney, Modoc
County
204 S Court Street, Room 202
Alturas, CA 96101-4020

District Attorney, Mono
County
Post Office Box 617
Bridgeport, CA 93517

District Attorney, Nevada
County
201 Commercial Street
Nevada City, CA 95959

District Attorney, Orange
County
401 West Civic Center Drive
Santa Ana, CA 92701

District Attorney, Placer
County
10810 Justice Center Drive,
Ste 240
Roseville, CA 95678

District Attorney, Plumas
County
520 Main Street, Room 404
Quincy, CA 95971

District Attorney, San Benito
County
419 Fourth Street, 2nd Floor
Hollister, CA 95023

District Attorney, San
Bernardino County
303 West Third Street
San Bernadino, CA 92415

District Attorney, San Diego
County
330 West Broadway, Suite
1300
San Diego, CA 92101

District Attorney, San Mateo
County
400 County Ctr., 3rd Floor
Redwood City, CA 94063

District Attorney, Shasta
County
1355 West Street
Redding, CA 96001

District Attorney, Sierra
County
100 Courthouse Square, 2nd
Floor
Downieville, CA 95936

District Attorney, Siskiyou
County
Post Office Box 986
Yreka, CA 96097

District Attorney, Solano
County
675 Texas Street, Ste 4500
Fairfield, CA 94533

District Attorney, Stanislaus
County
832 12th Street, Ste 300
Modesto, CA 95354

District Attorney, Sutter
County
463 2nd Street
Yuba City, CA 95991

District Attorney, Tehama
County
Post Office Box 519
Red Bluff, CA 96080

District Attorney, Trinity
County
Post Office Box 310
Weaverville, CA 96093

District Attorney, Tuolumne
County
423 N. Washington Street
Sonora, CA 95370

District Attorney, Yuba
County
215 Fifth Street, Suite 152
Marysville, CA 95901

Los Angeles City Attorney's
Office
City Hall East
200 N. Main Street, Suite 800
Los Angeles, CA 90012

San Jose City Attorney's
Office
200 East Santa Clara Street,
16th Floor
San Jose, CA 95113

APPENDIX A

OFFICE OF ENVIRONMENTAL HEALTH HAZARD ASSESSMENT
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY

THE SAFE DRINKING WATER AND TOXIC ENFORCEMENT ACT OF 1986
(PROPOSITION 65): A SUMMARY

The following summary has been prepared by the California Office of Environmental
Health Hazard Assessment (OEHHA), the lead agency for the implementation of the
Safe Drinking Water and Toxic Enforcement Act of 1986 (commonly known as
"Proposition 65"). A copy of this summary must be included as an attachment to any
notice of violation served upon an alleged violator of the Act. The summary provides
basic information about the provisions of the law, and is intended to serve only as a
convenient source of general information. It is not intended to provide authoritative
guidance on the meaning or application of the law. The reader is directed to the statute
and OEHHA implementing regulations (see citations below) for further information.

FOR INFORMATION CONCERNING THE BASIS FOR THE ALLEGATIONS IN THE
NOTICE RELATED TO YOUR BUSINESS, CONTACT THE PERSON IDENTIFIED ON
THE NOTICE.

The text of Proposition 65 (Health and Safety Code Sections 25249.5 through
25249.13) is available online at: http://oehha.ca.gov/prop65/law/P65law72003.html.
Regulations that provide more specific guidance on compliance, and that specify
procedures to be followed by the State in carrying out certain aspects of the law, are
found in Title 27 of the California Code of Regulations, sections 25102 through 27001.[1]
These implementing regulations are available online at:
http://oehha.ca.gov/prop65/law/P65Regs.html.

*WHAT DOES PROPOSITION 65 REQUIRE?*

**The "Proposition 65 List."** Under Proposition 65, the lead agency (OEHHA) publishes
a list of chemicals that are known to the State of California to cause cancer and/or
reproductive toxicity. Chemicals are placed on the Proposition 65 list if they are known
to cause cancer and/or birth defects or other reproductive harm, such as damage to

---

[1] All further regulatory references are to sections of Title 27 of the California Code of Regulations unless
otherwise indicated. The statute, regulations and relevant case law are available on the OEHHA website
at: http://www.oehha.ca.gov/prop65/law/index.html.

female or male reproductive systems or to the developing fetus. This list must be updated at least once a year. The current Proposition 65 list of chemicals is available on the OEHHA website at: http://www.oehha.ca.gov/prop65/prop65_list/Newlist.html.

Only those chemicals that are on the list are regulated under Proposition 65. Businesses that produce, use, release or otherwise engage in activities involving listed chemicals must comply with the following:

***Clear and reasonable warnings.*** A business is required to warn a person before "knowingly and intentionally" exposing that person to a listed chemical unless an exemption applies.  The warning given must be "clear and reasonable." This means that the warning must: (1) clearly make known that the chemical involved is known to cause cancer, or birth defects or other reproductive harm; and (2) be given in such a way that it will effectively reach the person before he or she is exposed to that chemical.  Some exposures are exempt from the warning requirement under certain circumstances discussed below.

***Prohibition from discharges into drinking water.*** A business must not knowingly discharge or release a listed chemical into water or onto land where it passes or probably will pass into a source of drinking water. Some discharges are exempt from this requirement under certain circumstances discussed below.

*DOES PROPOSITION 65 PROVIDE ANY EXEMPTIONS?*

Yes.  You should consult the current version of the statute and regulations (http://www.oehha.ca.gov/prop65/law/index.html) to determine all applicable exemptions, the most common of which are the following:

***Grace Period.*** Proposition 65 warning requirements do not apply until 12 months after the chemical has been listed.  The Proposition 65 discharge prohibition does not apply to a discharge or release of a chemical that takes place less than 20 months after the listing of the chemical.

***Governmental agencies and public water utilities.*** All agencies of the federal, state or local government, as well as entities operating public water systems, are exempt.

***Businesses with nine or fewer employees.*** Neither the warning requirement nor the discharge prohibition applies to a business that employs a total of nine or fewer employees. This includes all employees, not just those present in California.

***Exposures that pose no significant risk of cancer.*** For chemicals that are listed under Proposition 65 as known to the State to cause cancer, a warning is not required if the business causing the exposure can demonstrate that the exposure occurs at a level that poses "no significant risk." This means that the exposure is calculated to result in not more than one excess case of cancer in 100,000 individuals exposed over a 70-year lifetime. The Proposition 65 regulations identify specific "No Significant Risk Levels" (NSRLs) for many listed carcinogens. Exposures below these levels are exempt from the warning requirement. See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of NSRLs, and Section 25701 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures that will produce no observable reproductive effect at 1,000 times the level in question.*** For chemicals known to the State to cause reproductive toxicity, a warning is not required if the business causing the exposure can demonstrate that the exposure will produce no observable effect, even at 1,000 times the level in question. In other words, the level of exposure must be below the "no observable effect level" divided by 1,000. This number is known as the Maximum Allowable Dose Level (MADL). See OEHHA's website at: http://www.oehha.ca.gov/prop65/getNSRLs.html for a list of MADLs, and Section 25801 *et seq.* of the regulations for information concerning how these levels are calculated.

***Exposures to Naturally Occurring Chemicals in Food.*** Certain exposures to chemicals that naturally occur in foods (i.e., that do not result from any known human activity, including activity by someone other than the person causing the exposure) are exempt from the warning requirements of the law. If the chemical is a contaminant[2] it must be reduced to the lowest level feasible. Regulations explaining this exemption can be found in Section 25501.

***Discharges that do not result in a "significant amount" of the listed chemical entering any source of drinking water.*** The prohibition from discharges into drinking water does not apply if the discharger is able to demonstrate that a "significant amount" of the listed chemical has not, does not, or will not pass into or probably pass into a source of drinking water, and that the discharge complies with all other applicable laws, regulations, permits, requirements, or orders. A "significant amount" means any detectable amount, except an amount that would meet the "no significant risk" level for chemicals that cause cancer or that is 1,000 times below the "no observable effect" level for chemicals that cause reproductive toxicity, if an individual were exposed to that amount in drinking water.

---

[2] See Section 25501(a)(4).

*HOW IS PROPOSITION 65 ENFORCED?*

Enforcement is carried out through civil lawsuits. These lawsuits may be brought by the Attorney General, any district attorney, or certain city attorneys. Lawsuits may also be brought by private parties acting in the public interest, but only after providing notice of the alleged violation to the Attorney General, the appropriate district attorney and city attorney, and the business accused of the violation. The notice must provide adequate information to allow the recipient to assess the nature of the alleged violation. The notice must comply with the information and procedural requirements specified in Section 25903 of Title 27 and sections 3100-3103 of Title 11.  A private party may not pursue an independent enforcement action under Proposition 65 if one of the governmental officials noted above initiates an enforcement action within sixty days of the notice.

A business found to be in violation of Proposition 65 is subject to civil penalties of up to $2,500 per day for each violation. In addition, the business may be ordered by a court to stop committing the violation.

A private party may not file an enforcement action based on certain exposures if the alleged violator meets specific conditions. For the following types of exposures, the Act provides an opportunity for the business to correct the alleged violation:

- An exposure to alcoholic beverages that are consumed on the alleged violator's premises to the extent onsite consumption is permitted by law;

- An exposure to a Proposition 65 listed chemical in a food or beverage prepared and sold on the alleged violator's premises that is primarily intended for immediate consumption on- or off-premises. This only applies if the chemical was not intentionally added to the food, and was formed by cooking or similar preparation of food or beverage components necessary to render the food or beverage palatable or to avoid microbiological contamination;

- An exposure to environmental tobacco smoke caused by entry of persons (other than employees) on premises owned or operated by the alleged violator where smoking is permitted at any location on the premises;

- An exposure to listed chemicals in engine exhaust, to the extent the exposure occurs inside a facility owned or operated by the alleged violator and primarily intended for parking non-commercial vehicles.

If a private party alleges that a violation occurred based on one of the exposures described above, the private party must first provide the alleged violator a notice of special compliance procedure and proof of compliance form.

A copy of the notice of special compliance procedure and proof of compliance form is included in Appendix B and can be downloaded from OEHHA's website at: http://oehha.ca.gov/prop65/law/p65law72003.html.

*FOR FURTHER INFORMATION ABOUT THE LAW OR REGULATIONS...*

Contact the Office of Environmental Health Hazard Assessment's Proposition 65 Implementation Office at (916) 445-6900 or via e-mail at P65Public.Comments@oehha.ca.gov.

Revised: May 2017


NOTE: Authority cited: Section 25249.12, Health and Safety Code. Reference: Sections 25249.5, 25249.6, 25249.7, 25249.9, 25249.10 and 25249.11, Health and Safety Code.

## CLERK'S CERTIFICATE OF MAILING
### (CCP 1013a)

I certify that the following is true and correct:

I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is **24405 Amador Street Hayward, California 94544**. I served this **CONSENT JUDGMENT** by placing copies in envelope(s) addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail in **Hayward**, California, following standard court practices.

▼    Poss, Charles
Enviormental Research Center, Inc.
3111 Camino Del Rio North
Suite 400
San Diego,  CA 92108

Date: 5/1/2020

Executive Officer/Clerk of the Superior Court

By _____

Kasha Clarke, Deputy Clerk

Certificate of Mailing.doc (Rev. 6/1/06)